(Decided July 17th, 1866.)

## STATE OF MARYLAND vs. JOHN BOYLE.

WRIT OF ERROR: JURISDICTION OF COURT OF APPEALS.—Since the Court of Chancery was abolished, the power of granting writs of error resides in the judges of the Circuit Courts, sitting in equity; without such writ issued by a competent tribunal, the Court of Appeals has no jurisdiction or power to review a judgment rendered by a Circuit Court in a criminal case.

——: ——: PRACTICE IN COURT OF APPEALS: MOTION TO QUASH WRIT OF ERROR.—A paper purporting to be a writ of error, which, on inspection, did not appear to have been issued or authorised by the Circuit Court, sitting in equity, but appeared to be issued and signed by the clerk of said Court, without the attestation of the judge, and not authenticated by the seal of the Court, was quashed by the Court of Appeals on motion of the defendant in error.

HABEAS CORPUS.—From the judgment of the Circuit Court upon a writ of *habeas corpus,* no writ of error lies; this results from the nature of the proceedings, being a matter resting in the discretion of the Court below, and also from the nature of the judgment, which is not, in legal acceptation, "a judgment or determination of a Court of Law in any civil suit or action," from which alone appeals or writs of error would lie.

WRIT OF ERROR to the Circuit Court of Howard county.

The writ of error in this case was sued out by the State. It appears from the record thereby brought up, that Boyle was indicted at a special term of the Circuit Court for Anne Arundel county, held in May, 1865, for the murder of Thomas H. Watkins, committed on the 25th of March, 1865, and upon his suggestion and affidavit this case was, on the 25th of May, 1865, removed to the Circuit Court for Howard county, to be held on the first Monday of September then next, for trial. He was then tried and convicted in the Circuit Court for Anne Arundel county on two other indictments, one for larceny and the other for an assault with intent to murder, and on the 22d of June, 1865, by judgment of that Court, was sentenced to the penitentiary for four years in one case, and five in the other, and under these sentences was, on the same day, taken to and confined in the penitentiary.

On the 20th of September, 1865, at the September term of the Circuit Court for Howard county, to which the indictment for murder had been removed, the judge of that Court, on motion of the State's Attorney, issued a writ of *habeas corpus,* directed to the warden of the penitentiary, commanding him to have the body of John Boyle, "with the day and cause of his being taken and detained," before him, the said judge, on the 26th of September, 1865, "to do and receive all and singular those things which the said judge shall then and there consider concerning him in this behalf, and have here this writ." On the return day the warden came into Court with Boyle in his custody, and made return to the writ in

open court, "that the said John Boyle is now in Court, and annexed herewith is a copy of the warrants by which he is held in custody," being copies of the judgments of the Circuit Court for Anne Arundel county, before referred to.

The State, by its attorneys, then moved the Court that the custody of Boyle be transferred and handed over to the sheriff of Howard county, in order that he might be tried on the said indictment for murder. At the same time, and before hearing this motion, Boyle, by his counsel, moved to quash the writ of *habeas corpus,* and prayed the Court to remand him to the penitentiary, alleging as a reason, the previous judgments in Anne Arundel county, his confinement thereunder, by reason whereof he had been unable to prepare for his trial, the non-expiration of these sentences, and that he could not be lawfully tried until the periods of confinement under those sentences shall have expired.

The Court overruled the State's motion and sustained that of the prisoner, and thereupon ordered and adjudged that Boyle be remanded to the custody of the warden aforesaid.

Afterwards, on the 20th of October, 1865, the State, by its attorney, made application to the Hon. JOHN E. SMITH, judge of the Circuit Court for Howard county, sitting in equity, for a writ of error, alleging as ground of error the above action of the Court, in the matter of a prosecution of the State against Boyle, on an indictment for murder. Upon this application, without any order of Judge SMITH, as equity judge, granting it or ordering the writ upon the same day, as stated in the record, the said State produced (to whom *non constat*) the writ of the State of Maryland for the correction of errors, commanding that the judgment aforesaid, so as aforesaid rendered, with all things thereunto relating, be transmitted to the Court of Appeals for the State of Maryland, the tenor of which said writ is as follows:

"To the Honorable John E. Smith, Circuit Judge of How-

ard county, greeting, &c.   Because in the record and pro-ceeedings, and also in the rendering of judgment to quash the return of the warden of the Penitentiary of Maryland to the writ of the said Court, commanding him to bring into said Court the body of one John Boyle, to be tried in the said Court on a prosecution of the said State of Maryland, against the said John Boyle, for murder, &c., in the said Circuit Court, held before the said judge at September term, 1865, and in rendering judgment that the said John Boyle be restored to the custody of the said warden of the Peni-tentiary, manifest error, as it is said, hath happened, to the great damage of the State of Maryland, as of its information and complaint of George W. Sands, its attorney, hath ap-peared, and as it is right that the error, if any hath been, should be duly corrected, and full and speedy justice done to the said State of Maryland, in this behalf, &c., &c.:   There-fore you are hereby commanded, that if the judgment afore-said be therein given, that the record and proceedings afore-said, with all things thereunto relating, you send to the Court of Appeals, &c., &c.

W. W. WATKINS, Clerk."

Upon the writ this record has been brought to this Court. At the hearing of the cause, the counsel for the defendant in error moved that the writ of error be quashed or dismissed:

1st. On account of the defects on the face of the writ.

2nd. Because the judgment or determination of the Court below was one from which no writ of error lies.

The motion to quash was first heard, and was argued be-fore BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*O. Miller,* for the defendant in error on the motion to quash.

The defendant in error, by his counsel, moves the Court to quash the alleged writ of error in this case, and in sup-port of this motion it is respectfully argued and submitted:

State *vs.* Boyle.

1st. That the writ does not show upon its face that it was issued by the Judge of the Circuit Court for Howard county, sitting in equity, to whom the application for it was made. It is not under seal, nor is it issued and tested like any other original writ, nor does it purport to come from any Court or any competent source or authority. The Code, Art. 5, sec. 4 provides, that "writs of error may be sued out in civil or criminal cases as heretofore practiced in this State." A writ of error is an original writ issuing out of Chancery, and whilst the High Court of Chancery was in existence in this State was always issued out of that Court. The mode of proceeding was by an application to the Chancellor, and the writ itself always disclosed on its face that it was issued by the Chancellor. When that Court was abolished, and its jurisdiction transferred to the Circuit Courts and the Courts of Baltimore city, the mode of obtaining the writ has always been by an application to the equity side of the Circuit Courts, or to some Court in Baltimore city having equity jurisdiction, and in all such cases, like every other original writ, the authority of the Court issuing it appears on its face. Such has been the uniform practice in Maryland from the earliest times. When issued, the writ is to be served upon the clerk of the Court which has rendered the erroneous judgment, who allows it, as a matter of course, and transmits a transcript of the record, with the writ of error attached, to the Court of Appeals, under the seal of his Court, as in cases of appeals. No precedent for any such writ, as is in this record, can be found in any of the cases which have come up to this Court on writs of error. The clerk has no authority vested in him to issue a writ of error. As establishing the practice, the forms of the writ in this particular in several cases will be given from the original records in this Court; they can be multiplied to any extent.

In the case of *State vs. Buchanan*, 5 *H. & J.*, 317, the writ concludes thus:

65      v. 25.

"Witness the Honorable William Kilty, Chancellor, this sixteenth day of April, eighteen hundred and twenty-one.

Test:—RAMSEY WATERS,

( Seal.)                                         Reg. Cur. Can."

In the case of *Ann Hammond vs. The State*, 14 *Md. Rep.*, 135, which was a writ of error to the Circuit Court of Frederick county, issued from the equity side of that Court, the conclusion is:

"Witness the Honorable Madison Nelson, Judge of our Circuit Court, sitting as a Court of Equity, the 9th day of February, A. D., 1857. Issued the 10th day of March, 1857.

EDWARD SHRIVER, Cl'k.

(Seal.)

Allowed this 11th day of March, 1857.

M. NELSON, ( Seal.)

In the case of *Ford vs. The State*, 12 *Md. Rep.*, 514, which was a writ of error to the Criminal Court of Baltimore city, the writ was issued from the Circuit Court for Baltimore city, and it concludes thus:

"Witness the Honorable William Geo. Krebs, Judge of the Circuit Court for Baltimore city, this eighth day of November, A. D., 1858. Issued the 4th day of December, 1858.

W. H. H. TURNER, Cl'k

Circuit Court for Baltimore city."

See also on this point: 2 *Harr. Ent.*, 667, and 2 *Ev. Harr.*, 425. *Evans' Prac.*, 424, 429. *State vs. Buchanan*, 5 *H. & J.*, 329. 2 *Wm's. Saunders*, 100, note 1. 2 *Tidd's Prac.*, 1196, 1198.

2nd. But if the writ be in proper form it must be quashed, because no final judgment has been rendered in the Court below. No writ of error can be brought but on a final judgment, or on an award in the nature of a judgment, for the words of the writ are *si judicium reddidum sit.* The order of the Court below, remanding Boyle to the custody of the warden, is no final judgment disposing of the indictment for

murder; that indictment is still left pending and undisposed of, and Boyle can be tried upon it when he shall have served out his present sentence in the Penitentiary. In the case of *State vs. Buchanan,* it was strongly urged that a writ of error would in no criminal case lie at the instance of the State, but that it was at all times the privilege of the accused alone. The Court, however, decided the State had the right to sue out the writ as well as the accused; that the right was reciprocal. Now, if the State can maintain this writ before final judgment, then if the decision had been adverse to Boyle on his motion, and the Court had ordered him to the custody of the sheriff and to be put on his trial, he could have stopped the trial by writ of error before final judgment, and brought up for review, before being tried, the action of the Court in this respect. Would the writ of error in such a case have been sustained by this Court? The cases are clear, and the current of authorities unbroken, that a writ of error will not lie against any interlocutory judgment before final judgment is given. *Boteler & Belt vs. State,* 7 *G. & J.,* 109, 112. *Keirle & Walker vs. Shriver,* 11 *G. & J.,* 405. *Evans' Prac.,* 429, 436. *Ray vs. Fitch,* 1 *Root,* 290, 181. *Carpenter vs. Childs, Id.,* 181. *Gleason vs. Chester,* 1 *Day,* 27. 3 *Bac. Abr.,* 325, "*Error,*" 2, and cases there cited. *Coke Litt.,* 288, *b. Ringgold's Case,* 1 *Bland,* 8. 1 *Chitty's Cr. Law,* 787. 1 *Arch. Cr. Pl.,* 198, 198–5.

But it may be urged that this writ can be maintained, because of the judgment on the writ of *habeas corpus,* which finally disposes of that writ. In that event, (if a writ of error lies in such a case,) it is respectfully submitted, that this Court is confined to the consideration of the writ of *habeas corpus* and the return thereto, and the action of the Court below thereon. The return to the writ that the party is confined in the Penitentiary by the final judgment and sentence of a Court of competent jurisdiction, is clearly sufficient and justified the Court below in quashing the writ and remand-

ing the party to the custody of the warden. *Code, Art.* 43, *sec.* 11. *Act of* 1862, *ch.* 36. *Bell vs. State, use of Miller,* 4 *Gill,* 301,—an appeal from a decision of a judge of an inferior Court in a case of *habeas corpus.* See also *Heard on Habeas Corpus,* 562, 566.

*A. Randall,* Attorney General, for the State :

1. In reply to the first point of the defendant in error on the motion to quash, the State relies upon the Code, Art. V., sec. 1, which provides that "an appeal may be taken from a Court of Law or Equity by application to the *clerk,* * * * and upon such application, if made within the time prescribed by law for taking such appeal, the *clerk* ( register, commissioner or justice,) to whom the same is made, shall enter a prayer of appeal upon his docket or minutes of proceedings and transmit the papers or a transcript of the record as hereinafter required."

Section 3 of the same Art. provides for appeals "from any judgment or determination of any Court of Law in any civil suit or action, or in any prosecution for the recovery of any penalty, fine or damages ;" and sec. 4 provides, first, for appeals in cases of petition for freedom and *mandamus,* and then provides, that "writs of error may be sued out in civil or criminal cases as heretofore practiced in this State." This does not mean that the formalities then observed should still be literally conformed to, but that they should be substantially observed as far as the changes in our Constitution and laws will allow. It is not now necessary that the writ should show upon its face that it was issued by the Circuit Court in equity, or by the judge of that Court. The certificate of the clerk is sufficient evidence that the writ was duly authorized. Sec. 29 of the same Art. directs, that "upon any appeal being taken in a Court of Law or Equity, or any writ of error sued out, the *clerk* shall make out and transmit to the Court of

Appeals a full transcript of the record," &c. And in cases of appeals from Orphans' Courts similar duties are devolved upon the registers. Upon this point see also 3 *Bac. Abr.*, 341, *title " Writ of Error."*

The assertion that the position contended for on the other side is established by the uniform practice in Maryland from the earliest times, cannot be maintained. See the case of the *State vs. Buchanan*, 5 *H. & J.* 329. On the contrary, it is said on page 331 of the opinion in that case, "from that time to the present, the uniform practice under that Act, ( Act of 1713, ch. 4,) has been for the *clerk* to send up the transcript of the proceedings under his hand only, and the seal of the Court, together with the writ of error, as is done in this case, unaccompanied by the signature of the judge to the return of the writ."

2. In answer to the second point of the defendant in error, viz., that if the writ be in proper form it must be quashed because no *final* judgment has been rendered in the Court below, the State maintains that the position is utterly inconsistent with the language of secs. 18 & 42 of Art. V. of the Code. Sec. 18 provides expressly for appeals or writs of error taken from "any order of the Court antecedent to final judgment," &c.

But the decision of the Court below was not interlocutory, it was final *quoad* the matter before the Court. If the position of the other side be sustained, there can be no final judgment in matters of this kind. *Ware vs. Richardson*, 3 *Md. Rep.*, 505. *Ld. Proprietary vs. King*, 1 *H. & McH.*, 83. *Cummings vs. The State*, 1 *H. & J.*, 340. 3 *Bac. Abr.*, 337, *& Id.*, 339, 340. *Heard on Habeas Corpus*, 569, 570. *Butler, et al., vs. Chew*, 7 *G. & J.*, 112.

*Thos. S. Alexander*, for the defendant in error, in reply: 1st Objection. A motion to dismiss a writ of error is in

the nature of a plea to the jurisdiction. 3 *Bac. Abr.*, 320, 321.

The writ must contain the warrant of the higher Court to review the decision of the inferior Court. The writ in this case is also defective and lacks validity for want of a seal, and because it is not properly tested.

The former practice was that the *original writ, with the great seal attached,* was returned to the Court of Appeals with the record. It is a matter of grave question whether the change in the practice is authorized, by which the transmission of the original writ is dispensed with.

The seal of the judge granting the writ is, at all events, essential to its validity. Even an exception signed by a judge, without the seal, ( scrawl,) is held to be no exception. *Milburn vs. State,* 1 *Md. Rep.,* 1. *Ellicott vs. Martin,* 6 *Md. Rep.,* 509.

2nd Objection. That there was no final judgment.

The order remanding the prisoner was only a postponement of the trial. The merits of the application were not determined at all. The case cited on the other side, of 7 *G. & J.,* 112, is an authority for our position. If the 3rd sec. of Art. 5 of the Code be interpreted as broadly as contended for on the other side, there could be no decision in the matters referred to, which might not be appealed from.

Writs of error stand as before the adoption of the Code; they "may be sued out in civil or criminal cases as heretofore practiced in this State."

Sec. 18, of Art. 5, does not authorize a writ of error in any case of a judgment *not final.*

The case cited of *Thompson vs. McKim,* 6 *H. & J.,* 302, has, in consequence of the loose statement of the law decided, been much abused and misunderstood. Many unnecessary and improper appeals have been the consequence, which had to be summarily dismissed. The Court, in one instance, in-

timated that a repetition of a particular case of abuse would be visited on the counsel.

The case of *Coston vs. Coston*, ( *ante p.* 500,) is a case in which the right of appeal from the judgment of the Circuit Court upon the writ of *habeas corpus* was fully considered, and it was there decided that no such appeal would lie. The like of the present case has happened but once in Europe,— never before in America, and cannot be of frequent occurrence.

BARTOL, J., delivered the opinion of this Court.

Two grounds were urged in the argument of this case in support of the motion to quash or dismiss this writ of error. First, on account of defects on the face of the writ. Secondly, because the judgment or determination of the Court below was one from which no writ of error lies. Considering that the first objection was fatal, this Court sustained the motion and ordered the writ to be quashed, and delivered the following opinion :

"It was decided in *Buchanan's* case 5 *H. & J.* 317, that a writ of error may be sued out by the State as well as by the prisoner in a criminal case. The writ is an original writ issuing out of chancery, directed to the Court of Law, by whose judgment the alleged error has been committed. Formerly, in Maryland, such writs usually, if sued out of the high Court of Chancery, were granted by the chancellor and verified by his attestation. Since the Court of Chancery was abolished, the power of granting writs of error resides in the judges of the Circuit Courts sitting in chancery. Without such a writ, issued by a competent tribunal, this Court has no jurisdiction or power to review a judgment rendered by a Circuit Court in a criminal case. In this case the supposed writ of error, upon which the proceedings of the Circuit Court have been brought before us for review, appears upon inspec-

tion not to have been issued by any competent tribunal. It does not appear to have been issued or authorized by the Circuit Court sitting as a Court of Chancery, but was issued and signed only by the clerk without the attestation of the judge, and is not authenticated by the official seal. There is no authority given by the Code or by any statute to the Clerk to grant a writ of error; nor is the writ before us in conformity with the established practice in Maryland.

No precedent has been cited by the Attorney General to sanction the proceeding in this case; for this reason the writ of error must be quashed.

Whether the judgment or determination of the Circuit Court upon the writ of *habeas corpus* is such a final judgment as may be brought up for review on a writ of error properly issued, is a question of more importance, upon which the Court does not now express any opinion. It will be considered and decided before the case is finally disposed of, because upon its decision may depend the future action of the State's officers in determining whether they will obtain another writ of error from the proper Court and in proper form."

This question has been since examined and maturely considered, and this Court is of opinion that from the judgment of the Circuit Court upon the writ of *habeas corpus*, no writ of error lies. This results from the nature of the proceeding, being a matter resting in the discretion of the Court below, and also from the nature of the judgment, which is not, in legal acceptation, "a judgment or determination of a Court of law in any civil suit or action," from which alone appeals or writs of error would lie.

This subject has been very fully considered in the case of *Coston vs. Coston & others*, decided at the present term, and in the opinion delivered by the Chief Justice the reasons and authorities controlling our judgment are fully stated, considering them as applicable to this case; we are of

APRIL TERM 1866.                    521

The Phila. Wil. & Balto. R. R. Co. *vs.* Kerr et al.

opinion that no writ of error could be maintained in the present case. We express no opinion upon the point decided by the Circuit Court, as we have no jurisdiction of the cause, and upon that point no argument has been heard.

*Writ of error quashed.*

(Decided July 17th, 1866.)