## ROLAND B. RIGOR *vs.* THE STATE OF MARYLAND.

*Criminal Law—Cumulative Sentence to Begin After Expiration of Prior Sentence—Habeas Corpus to Bring Convict in Penitentiary Before Criminal Court for Trial on Another Indictment—Jurisdiction.*

When a man is a confined in a penitentiary in the execution of a conviction of felony and sentence of imprisonment for a designated time, he may lawfully be convicted of another crime, and sentenced to imprisonment for a term beginning at the expiration of the former term, whether the

prior sentence was imposed by the same Court or by another Court of the same State.

A convict in a penitentiary serving a sentence may be brought by *habeas corpus* into a criminal Court and tried upon indictment for another crime there pending against him.

After final judgment of conviction of a crime, the jurisdiction of the Court cannot be questioned by an inquiry into the means used to bring the accused into Court.

When a person undergoing confinement under a sentence imposed by one Court is tried for another offense in another Court and sentenced to imprisonment for a term beginning at the expiration of the former sentence, it is no objection to the validity of the second sentence that the Court imposing it did not have before it the record of the case in the other Court; when the record in the second case on appeal is silent on the subject, as it will never be presumed that a Court of original and general jurisdiction acted without adequate grounds to support its action.

Appeal from the Circuit Court of Baltimore City (WRIGHT, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*James J. Lindsay* and *Lewis Hochheimer* (with whom was *R. R. Boarman* on the brief), for the appellant.

*William S. Bryan, Jr.*, Attorney-General, and *Albert S. J. Owens*, State's Attorney for Baltimore City, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

The record now before us has been brought into this Court by petition as upon writ of error. It appears that the plaintiff in error was indicted by the grand jury for Baltimore City on October the seventh, nineteen hundred and four upon the charge of having made an assault upon one Henry A. Le Cron with intent to kill and murder. Before being brought to trial on this indictment he was convicted of felony in the Circuit Court for Baltimore County on November 20th, 1904, and the same day was sentenced to be confined in the penitentiary for a term of years which has not yet expired. He

was in execution of that sentence committed to the penitentiary and to the custody of the warden thereof. On the eighth of December following, the case pending against him in the Criminal Court of Baltimore City was called for trial, and upon a writ of *habeas corpus* issued at the instance of the State's Attorney, the plaintiff in error was brought into the Criminal Court in the custody of the warden of the penitentiary to answer the indictment accusing him of an assault with intent to murder. He thereupon filed a motion in the words following: "The defendant represents to the Court that on the 29th day of November, 1904, he was duly convicted of felony by the Circuit Court for Baltimore County, and thereupon on the 29th day of November, 1904, by said Court sentenced to imprisonment in the Maryland penitentiary, and is now a prisoner convicted of felony in the custody of the warden of said prison, under the authority and jurisdiction of said Circuit Court by virtue of said sentence. Wherefore he prays that he be not now required to plead to the above indictment, nor put on trial." To the legal sufficiency of this motion the State's Attorney excepted; the Court sustained the exception and overruled the motion. On the twelfth of December a writ of *habeas corpus* was again issued directing the warden of the penitentiary to produce the plaintiff in error before the Criminal Court on the following day for trial on the indictment pending in that Court against him for an assault with intent to murder. On the return of the writ the plaintiff in error moved to quash the writ, first, because at the time the writ was issued he was, and upon the return thereof still continued to be, lawfully in the custody of the warden of the prison in execution of the sentence imposed by the Circuit Court for Baltimore County; secondly, because being convicted and imprisoned he could not properly prepare for trial; thirdly, because, by reason of his said situation he could not be required to answer or plead to the indictment. These reasons and the motion to quash the writ of *habeas corpus* were overruled; and thereupon a plea of not guilty was entered and the plaintiff in error went to trial before the Court without a jury. He was adjudged guilty

and was sentenced by the Criminal Court of Baltimore City on December 28th, 1904, to be confined in the Maryland penitentiary for the term of nine years to begin immediately on the expiration of the five years imposed upon him by the Circuit Court for Baltimore County, in the case of the State of Maryland against him and Lee R. Mooney, case No. 5621 docket of said Court, September Term, 1904, folio 178, of Criminal Docket No. 12 of said Court. On the same day there was filed a petition asking that the record be removed into this Court as upon writ of error, and in that petition the errors of which the plaintiff in error complains were assigned in the following words:

"1. This defendant having on the 29th day of November, 1904, during the pendency of the indictment in this case and after the time of the alleged commission of the offences therein averred, been duly convicted by the Circuit Court for Baltimore County of felony and on the same day sentenced by said Court to imprisonment in the Maryland penitentiary, and being at the time of calling the above entitled case for trial convicted and legally held in the custody of the warden of said prison in execution of said sentence, which is and remains unexpired prayed that he be not now required to plead to the above indictment nor put on trial but the Court, having brought the defendant before it in the custody of the warden of the said prison by means of a writ of *habeas corpus*, proceeded to trial and sentence.

2. That the Court overruled the motion of the defendant to quash the writ of *habeas corpus* and remand him to the custody in which brought up and also the petition of the defendant that he be not required to plead nor. be put on trial, and determined that the matters above set forth as grounds for said motion and said petition are not sufficient in law.

3. That the Court decided that, notwithstanding the matters above set forth it had jurisdiction to hear and determine this case, and thereupon proceeded to conviction and sentence."

The alleged errors consist in the refusal of the Criminal Court to quash the writ of *habeas corpus* under which the plain-

tiff in error was brought into that Court for trial on the indict-
ment there pending against him; and the further refusal of the
Court to grant the prayer of the petition which asked that the
accused be not required to plead to the indictment and be not
put upon trial during the period he continued to be confined
in the penitentiary in execution of the sentence imposed by
the Circuit Court for Baltimore County.   A motion has been
made in behalf of the State to quash the assignments of error,
upon the ground that they are too vague and indefinite.    As
the questions involved are of some importance in the admin-
istration of the criminal law we will proceed to consider them
without regard for the moment to the motion filed by the At-
torney-General.    Before doing this, however, we will notice a
matter to which considerable parts of the oral argument, and
the brief for the plaintiff in error were devoted; though the
question thus discussed is not presented by the petition as-
signing errors.

   The matter just indicated concerns the sentence imposed by
the Criminal Court.   It has been objected to the sentence,
first, that it is cumulative, that is to say, by its terms it was
not to begin until the expiration of a prior sentence imposed
by another and a different tribunal; and secondly, that it does
not appear and has not been shown that the Judge of the
Criminal Court had before him any record from the Circuit
Court for Baltimore County to guide him in fixing the date
for the beginning of the sentence which he pronounced.    In
25 *Am. & Eng. Ency. L.* (2 ed.), 303, it is said: "When a de-
fendant is already in execution on a former sentence, sentence
of imprisonment may be given against him to commence from
the expiration of the term of imprisonment which he is, at the
time, serving;" and in support of the text the subjoined cases
are cited in note 11.    *Wilkes* v. *Rex,* 4 B. P. C. (Toml. ed.)
360, 4 Burr. 2575; *Wallace* v. *State,* 41 Fla. 547; *Kite* v. *Com.,*
11 Met. 581; *Mims* v. *State,* 26 Minn. 498; *Ex. p. Ryan,* 10
Nev. 261; *Mills* v. *Com.,* 13 Pa. St. 630; *Russell* v. *Com.,* 7
S. & R. 489.   See *Hochheimer Crim. Law,* sec. 195.   If a
Court exercising jurisdiction in criminal cases may lawfully

impose a sentence to begin in the future upon the expiration of a prior sentence, it can make no possible difference whether the prior sentence was imposed by the same or by some other Court deriving its power from the same authority. Jurisdiction to inflict cumulative punishment is dependent, not on the accident that the offender has been convicted twice or oftener before the same tribunal, but upon the fact that distinct violations of the law have been committed by one individual whose malefactions merit separate and, therefore, cumulative penalties. Authority to sentence at all is incident to and a consequence of the power to try an accused, and the right to try is founded on the fact that the crime was committed within the jurisdiction of the Court and upon the further fact that the prisoner after being indicted is present in person before the Court during the trial. It is not material how or by what means he was brought into Court, as will be shown later on in discussing another phase of the case. If the Court which imposed a sentence that is to begin upon the expiration of a prior punishment inflicted by some other tribunal of the same commonwealth, has jurisdiction of the offense charged and over the culprit it can unquestionably proceed to try him and upon conviction can sentence him for *that* violation of the law by imposing a cumulative penalty. If this were not so the subsequent offense might remain unpunished by reason of the death of material witnesses during the running of the prior sentence.

But it has been objected that there is nothing to show that the Criminal Court had the record of the case in the Circuit Court for Baltimore County before it in such a way as to justify it in imposing the cumulative sentence. We need only say that the record in the case at bar is entirely silent on the subject. For aught that appears the full record of the proceedings, conviction and sentence in the Circuit Court for Baltimore County was before the Criminal Court of Baltimore City. In the absence of appropriate averments that it was not it must be assumed that it was. It will never be presumed that a Court of original and general jurisdiction acted

without adequate grounds to support its action. The sentence was more minute than was necessary.   As the warden of the penitentiary is required by law (*Code*, 1904, Art. 27, sec. 627) to keep a record of the terms for which all convicts are sentenced, it would have been sufficient if the Judge of the Criminal Court in imposing the sentence had directed that it should begin upon the expiration of the sentence inflicted by the Circuit Court for Baltimore County without further reference to the prior case.   The motion filed by the plaintiff in error on December 8th, in the Criminal Court asked the latter Court not to proceed with the trial because he, the plaintiff in error, was, at that time, serving in the penitentiary, a sentence imposed by the Circuit Court for Baltimore County for felony of which he had been duly convicted.   That statement, sworn to by the plaintiff in error, was all that was needed to apprise the Criminal Court of the former conviction, and it could well have made its sentence commence upon the termination of the one named in the motion.   The fact that the Judge referred more particularly to the prior conviction is no ground for interfering with the sentence.

We now come to the grounds of error assigned, or intended to be assigned, in the petition upon which the record was transmitted to this Court.   It is contended that a writ of *habeas corpus* cannot be used to bring a convict from the penitentiary into the Criminal Court for trial upon an indictment there pending against him, while he is serving a sentence of imprisonment under a conviction of felony entered against him in another Court of the State; and the error complained of is that the Criminal Court refused to quash the writ of *habeas corpus*.   Assuming, for the moment, that this Court has authority to review the ruling thus made, there can be no doubt as to the correctness of the Court's action.   A writ of *habeas corpus* will bring a convict from the penitentiary into Court, not for the purpose of having the cause of his detention inquired into, but either because he may be needed as a witness, or because a pending indictment against him ought to be heard and determined.   The penitentiary is not a place of

sanctuary; and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt.    Why should there be a delay in bringing to trial, on an indictment pending against him, a convict who has not yet completed the service of a previous sentence?    No reason can be suggested for such a delay in the case of a convict adjudged guilty of some other offense and actually in execution of a sentence thereunder, that does not apply equally to an individual who has been indicted but has not yet been tried.    The situation of the two is identical except for the single circumstance that in the first instance the criminal who has more frequently violated the law has been tried and convicted for some of his offenses, whilst the other has not.    It is not the policy of the law to encourage the commission of crime.    Delay in administering the criminal law and in inflicting punishment promotes crimes as observation and common experience abundantly demonstrate.    And if the Courts should hold that one already convicted and actually incarcerated under sentence, could not be brought before the Court on a writ of *habeas corpus* and tried for some other offense, until the expiration of the first sentence, a temptation to commit a crime for the express purpose of escaping altogether or at least of deferring punishment for a previous one, would be held out to the evil minded and depraved.    Suppose, for instance, that a homicide had been committed and the assassin has escaped and that for the time being a suspicion does not point to him but is directed towards another.    Suppose that the real criminal returns to the scene of the murder and in the vicinity commits a larceny and is arrested therefor and pleads guilty and is sentenced to confinement for eight or ten years in the penitentiary; and that after beginning to serve out that sentence, evidence is discovered which indicates that he was the murderer.    Suppose further he should, when confronted with the evidence inculpating him, confess his guilt, and that he should then be indicted for the crime of murder.    Would any Court hesitate to issue a writ of *habeas corpus* directed to the warden of the penitentiary requiring him to produce the convict so that

the latter might be put upon trial for the capital offense? Can it be possible that the Court would be so hopelessly impotent, in such circumstances, as to be unable to do anything until the expiration of the sentence of eight or ten years; by which time the main witnesses might be dead, and the ends of justice might be defeated? And yet, if the contention made in the case at bar is sound, the arm of the criminal law would be paralyzed—not a step could be taken towards prosecuting him so long as the convict remained sheltered within the walls of the penitentiary. That is not the law. The Criminal Court had jurisdiction to bring the plaintiff in error before it under a writ of *habeas corpus* and to place him on trial under the indictment there pending against him. *Re Wetton*, 1 Cromp. & Jarvis, 459. In *Regina* v. *Day*, 3 F. & F. 526, it was held that the Court will not grant an application for a *habeas corpus* to remove a prisoner from gaol, where he is undergoing sentence, in order to take him before a magistrate in another county, to prefer another charge against him; but will grant a *habeas corpus* to bring him up for trial on a true bill being found against him at the assizes on that charge. *State* v. *Wilson*, 38 Conn. 126; *People* v. *Flynn*, 7 Utah, 378; *Ex parte Ah Men*, 77 Cal. 202; 15 *Am. & Eng. Ency. L.* (2 ed.) 191.

But there is another obstacle in the path of the plaintiff in error. After final judgment of conviction the jurisdiction of the Court cannot be questioned by an inquiry into the manner in which the accused was brought before it; and this is true even though the prisoner had been kidnapped and forcibly brought before the Court from a foreign jurisdiction. 77 Cal., *supra.* So in *Mahon* v. *Justice*, 127 U. S. 708, the Supreme Court declared that the jurisdiction of the Court in which the indictment is found is not impaired by the manner in which the accused is brought before it. The Criminal Court of Baltimore City had jurisdiction of the offense charged against the plaintiff in error by the grand jury of Baltimore City, and when the accused was brought into that Court the Court acquired jurisdiction over him, and after he was put upon trial and was convicted and sentenced, the jurisdiction of the Court

cannot be questioned by an inquiry into the manner in which he was brought before it.

Much reliance was placed on the case of *The State* v. *Boyle*, 25 Md. 509. In that case it appeared that Boyle had been indicted in the Circuit Court for Anne Arundel County for murder and also for larceny and for an assault with intent to murder. Upon his suggestion the indictment charging him with murder was removed to the Circuit Court for Howard County for trial. On the other indictments he was tried, convicted and sentenced to the penitentiary by the Circuit Court for Anne Arundel County. After the execution of the penitentiary sentences had commenced, the State made application to the Circuit Court for Howard County for a writ of *habeas corpus* to bring the prisoner from the penitentiary for trial on the charge of murder. The writ issued as prayed and upon its return Boyle was produced in Court by the warden who exhibited a copy of the judgments by virtue of which the prisoner was held in custody. Thereupon the State by its attorneys moved the Court that the custody of Boyle be transferred and handed over to the Sheriff of Howard County in order that he might be tried on the indictment for murder. At the same time Boyle by his counsel moved to quash the writ of *habeas corpus*, alleging as a reason the previous judgments in Anne Arundel County and his confinement thereunder, in consequence whereof he had been unable to prepare for his trial; and the non-expiration of those sentences, wherefore he could not be lawfully tried until the periods of confinement under those sentences had expired. The Court overruled the State's motion and sustained that of the prisoner, and remanded Boyle to the custody of the warden. Afterwards the State, by its attorney, made application for a writ of error, and the record was then removed to this Court. A motion was made to quash the writ of error on the ground that the judgment or determination of the Court below was one from which no writ of error would lie. Upon full consideration it was decided "that from the judgment of the Circuit Court upon the writ of *habeas corpus* no writ of error lies." In support of that con-

clusion the Court referred to and relied on the case of *Caston* v. *Caston et al.*, 25 Md. 500, decided on the same day. In concluding its judgment in *Boyle's case* the Court used this language: "We express no opinion upon the point decided by the Circuit Court, as we have no jurisdiction of the cause, and upon that point no argument has been heard." If upon a writ of error sued out by the *State* this Court was without jurisdiction to review the action of the lower Court in *quashing* a writ of *habeas corpus* because a review of a decision on *habeas corpus*, independently of statutory provisions, cannot be had by writ of error or appeal, inasmuch as the decision is not a final judgment, (*Caston* v. *Caston, supra*); it is not perceived how the *refusal* of the lower Court to quash the writ of *habeas corpus* can constitute a final judgment entitling the *prisoner* to a writ of error. It is not the way in which a motion to quash a writ of *habeas corpus* in a proceeding like this has been decided, that determines whether this Court has authority to review the ruling. If the ruling be not a final judgment within the contemplation of the statutes allowing writs of error and appeals, then no matter which way the motion to quash the writ of *habeas corpus* may be adjudged, no review of the lower Court's action can be had in this Court.

With respect to the other or remaining alleged error, namely, that the prisoner ought not to have been tried in the Criminal Court until the expiration of the sentence imposed upon him by the Circuit Court for Baltimore County, nothing further need be said. We have disposed of that objection in discussing the prior one.

Whilst some of the alleged errors are strictly speaking not properly before this Court for review, we have deemed it advisable to consider them fully; and though the writ of error might be quashed we prefer to affirm the judgment.

*Judgment and sentence affirmed.*

(Decided June 21st, 1905.)