### In re ANDREWS.

#### (District Court, D. Vermont. September 8, 1916.)

HABEAS CORPUS ☞45(2)—FEDERAL PRISONER—SURRENDER TO STATE AUTHORITIES—DISCHARGE BY FEDERAL COURT.

Relator being in the custody of the federal inspector of immigration awaiting deportation under the immigration law, and the state desiring to take proceedings to secure her appearance as a witness, the inspector, at direction of his superiors in the Department of Labor that he postpone her deportation pending such proceedings, and allow the state to take her out of his custody for that purpose, did so, and she was brought by officers of the state before a city court, and ordered to enter into recognizance for her appearance as such witness, and, failing to do so, was committed to jail. *Held*, that her imprisonment is lawful, so far as the jurisdiction of the federal court is concerned, so that it will deny her petition for habeas corpus; the question of jurisdiction and custody of her being one of comity between the governments, and she not having a right to immediate deportation, notwithstanding the proceeding of the state.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. ☞45(2); Courts, Cent. Dig. §§ 804, 805, 1376–1381.]

Habeas Corpus. Petition of Violet M. Andrews for release from custody of the sheriff of Franklin County, Vt. Denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. G. Austin & Sons, of St. Albans, Vt., for petitioner.

V. A. Bullard, U. S. Atty., of Burlington, Vt., for respondent Robie.

S. S. Cushing, State's Atty., of St. Albans, Vt., and W. R. McFeeters, of Enosburgh Falls, Vt., for respondents Post and Holmes.

HOWE, District Judge. While the relator was in the custody of the United States Inspector of Immigration, confined in jail at St. Albans, Vt., awaiting her deportation to the Dominion of Canada in accordance with the acts of Congress relating to immigration, she was brought before the city court at St. Albans and ordered to enter into a recognizance to the state of Vermont with sureties in the sum of $300 for her appearance as a witness for the state before the county court to be held at St. Albans on the second Tuesday of September, and, having failed to enter into such recognizance, she was committed to the county jail by the respondent Holmes as sheriff of Franklin county on a mittimus issued by the respondent Post as judge of the city court.

Before the proceedings in the city court were commenced, the United States Department of Labor was informed by the state's attorney of Franklin county that the state desired to take such action, and Inspector Robie was directed by his superiors in that department to postpone her deportation pending such proceedings, and that he allow the officers of the state to take her out of his custody for that purpose. The United States attorney for the district of Vermont appears for the respondent Robie in this case and objects to the relator being released from her imprisonment by the state and approves of the course adopted by the Department of Labor as carried out by Inspector Robie.

The relator does not claim that the process or its execution was unlawful in either case, except that the Department of Labor and the Inspector of Immigration had no right to allow her to be taken out of his custody by the state without her consent; that she has a right to be deported forthwith, notwithstanding the proceedings against her in the city court; and that consequently her imprisonment in the county jail by the state is illegal.

It is well settled that a state would have no right to take the relator out of the custody of the officers of the United States in these circumstances without the approval of the United States. Ableman v. Booth, 21 How. 506, 16 L. Ed. 169; Tarble's Case, 13 Wall. 397, 20 L. Ed. 597. And it is equally well settled as a matter of comity between the federal and the state governments that either may surrender its custody of a prisoner to the other without the prisoner's consent. In such a case, the question of the jurisdiction and custody of the prisoner is one of comity between the governments, and not a personal right of the prisoner. United States v. Marrin (D. C.) 227 Fed. 314; Ex parte Marrin (D. C.) 164 Fed. 631.

Therefore, as the relator's imprisonment is lawful so far as the jurisdiction of this court is concerned, her petition is denied, and she is remanded to her former custody.