## Commonwealth v. Watson

*Daniel E. Teeter*, for Commonwealth.

No appearance for defendant.

SHEELY, P. J., May 20, 1958.—Defendant has filed a petition for an order on the district attorney to arrange for a prompt trial of the bill of indictment alleged to be pending against him. The district attorney has filed an answer contending that the indictment cannot be brought to trial because defendant is imprisoned in the State of New Jersey for offenses committed there. The admitted facts raise interesting questions of constitutional law which, according to our research, have not been passed upon in Pennsylvania.

Defendant is charged before a justice of the peace with seven counts of burglary and larceny alleged to

have been committed on January 23 and 24, 1956. No indictment has been returned on these charges. About March 2, 1956, defendant was sentenced by the Criminal Court of Union County, N. J., to undergo imprisonment in the New Jersey State Penitentiary at Trenton for a term of not less than five years nor more than seven years, and he is presently confined in that institution. A detainer from the office of the justice of the peace has been lodged against him to return him to Adams County after the completion of his current imprisonment.

Article I, sec. 9, of the Constitution of Pennsylvania guarantees to an accused person "a speedy public trial by an impartial jury of the vicinage". Article VI of the Bill of Rights of the Constitution of the United States contains a similar guarantee as to Federal prosecutions: Barron v. The Mayor and City Council of Baltimore, 7 Pet. 243, 8 L. Ed. 672.

These constitutional provisions have at least two aspects. The first is that an accused person should not be held in confinement an undue length of time awaiting trial to determine his guilt or innocence. To provide for this aspect, section 54 of the Criminal Procedure Act of March 31, 1860, P. L. 427, 19 PS §781, provides inter alia, that if such prisoner shall not be indicted and tried during the second term after his commitment, unless the delay happened on the application or with the assent of defendant, he shall be discharged from imprisonment. This is known as the "two term rule". It has been held that all that this rule does "is to free the accused from further custody while awaiting trial which can be had any number of terms after his original commitment": Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, 219 (1951).

"Our interpretation of the constitution and our statute permits a prisoner to be discharged from unlawful imprisonment but does not permit the guilty to escape

prosecution because of a fortuitous circumstance which delays the trial. . . . The plain literal meaning of the Act is clear—'He shall be discharged from imprisonment'—nothing more than that": Commonwealth v. Mitchell, 153 Pa. Superior Ct. 582, 586 (1943), Aff. 349 Pa. 559. The rule does not apply where defendant is serving a term in the penitentiary on a prior sentence: Application of Brubaker, 68 Dauph. 86 (1955); Commonwealth v. Weber, 68 Dauph. 242 (1955); Commonwealth v. Tobias, 4 Cumberland 137 (1953); Commonwealth v. Seavers, 26 D. & C. 344 (1936).

The second aspect of the constitutional guarantee of a speedy trial is that an accused, whether he is in prison on another charge or is out on bail, should not be harassed by having an untried indictment hanging over him indefinitely, and that the trial should not be delayed until memories grow dim or witnesses die or become unavailable. But to avail himself of this aspect of the guarantee the accused must request a trial: Commonwealth v. Grant, 121 Pa. Superior Ct. 399, 406 (1936); Commonwealth v. Brubaker, 68 Dauph. 86 (1955); Commonwealth v. Weber, 68 Dauph. 242 (1955); Commonwealth v. Tobias, 4 Cumberland 137 (1953); Commonwealth v. Seevers, 26 D. & C. 344 (1936). In the last cited case the court said: "He can be brought to trial against his will, although in the penitentiary, and can demand a trial although the commonwealth does not want to give it to him. . . ." Even a delay of nine years was held not to entitle the accused to a dismissal of the charges where the delay was at his request so that he might enlist in the army, and he did not request an earlier trial: Commonwealth v. Faulk, 34 D. & C. 344 (1938). Citing Commonwealth v. Fisher, 226 Pa. 189 (1910).

To further provide for this aspect of the constitutional guarantee, the Act of June 28, 1957, P. L. 428,

19 PS §881, provides that a prisoner in any institution in this Commonwealth must be brought to trial on untried indictments in the Commonwealth within 180 days after he shall cause to be delivered to the district attorney of the county in which the untried indictment is pending his request for a final disposition to be made of the indictment, and for a dismissal of the indictment if the action is not brought to trial within the time limit. This statute is limited, however, to prisoners in institutions in Pennsylvania.

In all the cases hereinbefore cited the accused was either out on bail or was imprisoned in a penal institution of the Commonwealth of Pennsylvania. The general rule, followed in a majority of the States and in the Federal courts, is that, under a constitutional provision guaranteeing a speedy trial, a sovereign may not deny an accused person a speedy trial even though he is incarcerated in one of that sovereign's penal institutions under a prior conviction and sentence in a court of that sovereign: See 118 A. L. R. 1037. Where the accused is incarcerated in a penal institution of the Commonwealth as the result of a prosecution by the Commonwealth, and the Commonwealth has other charges pending against him, there is no reason why the Commonwealth should not dispose of the pending charges if the accused requests it. The Commonwealth has full control of the situation and is bound by the constitutional guarantee of a speedy trial. But in the present case the Commonwealth of Pennsylvania is not in full control of the situation. The accused is imprisoned in the State of New Jersey as the result of a conviction and sentence in the courts of that State. The real question presented is whether the constitutional guarantee of a speedy trial requires the Commonwealth to take steps actively to apprehend the accused and to extradite him from another State, or whether it merely requires the Commonwealth not to delay

a trial after the accused has been apprehended and is ready for trial. We have found no Pennsylvania case in which this question has been raised.

We have shown that the Act of June 28, 1957, P. L. 428, 19 PS §881, providing for trial within 180 days after request, does not apply to this situation. The statute of limitations does not apply to a person who shall not have been an inhabitant of this State or usual resident therein during the terms for which he shall be subject and liable to prosecution: Act of April 6, 1939, P. L. 17, 19 PS §211. We recognize, of course, that the detainer from this State lodged against the accused in New Jersey may presently affect him adversely in connection with a possible parole in that State and in connection with privileges which might otherwise be accorded him in the New Jersey State Prison. We also recognize that delays may prejudice him, as well as the Commonwealth, in his trial here by loss of witnesses and inability of witnesses to remember.

Defendant contends that any difficulty which might previously have existed in securing custody of him from another State has been eliminated by the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191. Section 6 of the act provides that when it is desired to have returned to this State a person charged in this State with a crime, and such person is imprisoned in another State, the Governor of this State may agree with the executive authority of such other State for the extradition of such prisoner before the conclusion of his term of sentence in such other State upon condition that such person be returned to such other State at the expense of this State as soon as the prosecution in this State is terminated. He is correct that this statute provides the means by which he might be returned to Pennsylvania if the Governor of Pennsylvania and the Governor of New Jersey agree,

but it leaves unanswered the question of whether this State must request his return. It is to be noted that there is no compulsion upon the Governor of Pennsylvania and the Governor of New Jersey to agree to the extradition.

In Pellegrini v. Wolfe (Ark.), 283 S. W. 2d 162 (1955), the Supreme Court of Arkansas considered a petition by a prisoner confined in Texas to have an information filed against him in Arkansas dismissed or that proper steps be taken to bring him to trial. In Arkansas the two term statute is construed as entitling a defendant to an absolute discharge if not tried within two terms. The court, without discussion, said: "Arkansas should request Texas to let Arkansas have Pellegrini for trial. If Texas refuses, then Arkansas has done all that is possible and the two-year discharge Statute will not inure to the benefit of Pellegrini. . . . If Texas does agree to the extradition on conditions met, then Arkansas must extradite and try Pellegrini with due diligence or Pellegrini will be entitled to have the charges dismissed and the warrant/detainer cancelled."

On the other hand, in Ex-parte Schechtel, 103 Colo. 77, 82 P. 2d 762 (1938), 118 A. L. R. 1032, the Colorado Supreme Court considered an application for a writ of habeas corpus by a prisoner undergoing a Federal sentence seeking to be relieved of an indictment and detainer from the State courts on the ground that he had not been afforded a speedy trial. The court considered the general rule that "a sovereign may not deny an accused person a speedy trial by reason of the circumstances that he is incarcerated in one of that sovereign's penal institutions under a prior conviction and sentenced in a court of that sovereign," but held that it would not apply to the situation under consideration. The court distinguished the two situations saying: ". . . the circumstance that one is con-

victed and imprisoned by a given sovereignty does not alter the degree of diligence required of the prosecuting officials of the same sovereignty in giving him a speedy trial upon any subsequent criminal charge.

"Obviously, a very different situation exists where, as here, the United States has first acquired jurisdiction and custody of the petitioner and at the time the state indictment was returned, as well as during the period of delay, the federal government, and not the State of Colorado, has had him under its exclusive control. Under such circumstances it would seem certain that unless, during the term of petitioner's federal sentence, an unqualified and absolute right reposed in the Colorado authorities to require the United States to permit the presence of the petitioner for trial before the Colorado court in which the indictment is pending, and without which presence no trial could be held, that the prosecuting officers of the state could not be charged with unreasonable delay in failing to proceed with the trial on the state indictment. . . . We, therefore, must conclude that no constitutional right of the petitioner to speedy trial was violated by failure of the state to put him on trial while he has been in the custody of the United States and serving a sentence in her prisons for a violation of her laws. Neither do we believe that any obligation under such circumstances is imposed upon the prosecuting authorities of the State of Colorado to make application to the federal government for the return of a federal prisoner to the state for trial on state charges."

To the same effect is Raine v. State, 143 Tenn. 168, 226 S. W. 189 (1920) ; People v. South, 122 Cal. App. 505, 10 P. 2d 109 (1932) ; Ex-parte Douglas, 54 Ariz. 332, 95 P. 2d 560 (1939), in which the court said: "It would seem that where it is shown a person has violated the criminal laws of two jurisdictions and each

is proceeding simultaneously to punish him and one is delayed in doing so because he is detained in a prison of the other, that good cause exists for delay": Anno. 118 A. L. R. 1037, 1046. We agree with these authorities.

From all the authorities, and the fact that the Pennsylvania "two term" rule does not prevent a later trial (Commonwealth v. Moncak, 375 Pa. 559 (1954)), we think it is clear that the constitutional guarantee of a speedy trial was intended to prevent the prosecuting authority from arbitrarily and unnecessarily delaying the trial of an accused after he had been arrested, or while he was in the custody of the Commonwealth, but that it was not intended to require the Commonwealth to take active steps to bring the accused from another jurisdiction for the purpose of trial. Before an accused can demand a trial he must be in a position that he might be tried. Where he cannot be tried, either through his own fault or because he is restrained of his liberty by another sovereignty, the constitutional guarantee of a speedy trial does not apply.

As a practical matter, if a defendant were charged with crime in each of the 48 States of the Union and were convicted and imprisoned in one State, and could demand that he be tried in each of the other 47 States while undergoing that imprisonment, he could spend the time of his imprisonment touring the United States at the expense of the various States. And if he can demand that steps be taken to return him from another State he could, with equal logic, demand that steps be taken to return him from a foreign country. Defendant in this case was a fugitive from the Commonwealth of Pennsylvania at the time of his arrest and conviction in the State of New Jersey. He voluntarily left Pennsylvania, and he cannot demand the protection of the Constitution of Pennsylvania until he is under the jurisdiction of this Commonwealth. That he may

be handicapped in applications for parole in New Jersey or in receiving privileges while serving his sentence in that State because of the detainer lodged against him is a matter of New Jersey policy and is not the result of any action by this Commonwealth.

We conclude that defendant's petition must be dismissed.

And now, May 20, 1958, the within petition is dismissed. An exception to this order is noted for defendant.