**FARNSWORTH v. ZERBST, Warden.**

No. 8711.

Circuit Court of Appeals, Fifth Circuit.

June 16, 1938.

John Semar Farnsworth, in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The petitioner-appellant sought by habeas corpus to be discharged from imprisonment in the United States Penitentiary at Atlanta where he is serving an indeterminate sentence of four to twelve years imposed after a trial in the District of Columbia upon a charge of conspiracy to violate Section 32 of Title 50 of the United States Code, 50 U.S.C.A. § 32. The original petition asserted that the sentence was void because the indictment charged no offense, citing Aderhold, Warden, v. Schieltz, 5 Cir., 73 F.2d 381; because the sentence was in

*Rehearing denied 98 F.2d 541.

excess of the maximum of two years fixed in 18 U.S.C.A. § 88; and because the courts in the District of Columbia have no jurisdiction to pronounce an indeterminate sentence for an offense defined by the law above referred to. A supplementary petition claimed the sentence to be void because based on a plea of nolo contendere which the Court refused to allow to be substituted by a plea of not guilty, whereby he was unconstitutionally denied a jury trial. The response to the writ of habeas corpus exhibited the remainder of the record, and set up that the petitioner, indicted Aug. 11, 1936, was represented by three able attorneys, who demurred to the indictment, filed a plea in abatement and a motion to quash, all which were overruled. A bill of particulars was sought and obtained and letters rogatory were issued. The case was set for trial Feb. 15, 1937, and on arraignment a plea of nolo contendere was filed. On Feb. 18 a motion was made to withdraw it and to file a plea of not guilty. This was opposed, and on Feb. 23 on a hearing was denied. A motion in arrest of judgment was filed but withdrawn and sentence ensued. No appeal was taken. No further evidence being heard, the writ of habeas corpus was discharged and the petitioner remanded, and this appeal followed.

 The indictment charges that Farnsworth and two named persons conspired with each other and divers other unknown persons wilfully to communicate and transmit to a foreign government, towit, Japan, writings, code books, photographs and plans relating to the national defense with the intent that they should be used to the injury of the United States and to the advantage of Japan contrary to Section 32 of Title 50 of the United States Code, 50 U.S.C.A. § 32; and to effect the object of the conspiracy did certain stated acts. We see no fatal lack of substance in the allegations of the indictment. Its sufficiency is not usually to be tested on habeas corpus, but by demurrer, as was done in this case. Knewel v. Egan, 268 U.S. 442, 448, 45 S.Ct. 522, 525, 69 L.Ed. 1036; Aderhold v. Hugart, 5 Cir., 67 F.2d 247. The bill of particulars sought was granted.

 The punishment for such a conspiracy is specially fixed by Section 34 of Title 50 of the Code, 50 U.S.C.A. § 34, and is made the same as fixed in Section 32 for the doing of the act which is the object of the conspiracy. Conspiracies to violate portions of the Chapter other than Sections 32 and 33 are declared punishable as provided by Section 88 of Title 18 U.S.C.A. It is too plain for argument that the last cited Section, whose maximum imprisonment penalty is two years, has nothing to do with a conspiracy to violate Section 32 of Title 50 U.S.C.A. The last named fixes a maximum of twenty years' imprisonment for doing what Farnsworth was charged with conspiring to do. His sentence was within this maximum.

 But it is urged that it is an indeterminate sentence, four to twelve years, and does not represent the certain exercise of judicial discretion which violators of this same law receive who are tried elsewhere than in the District of Columbia, so that either due process has been denied because of this inequality, or else the courts of the District must be held without jurisdiction to punish under this and other general laws of the United States. This contention in substance was considered by the Court of Appeals of the District of Columbia in Sims v. Rives, 66 App.D.C. 24, 84 F.2d 871, and it was held that the sentences for offenses against the general penal laws of the United States in the District of Columbia are to be imposed as provided by the indeterminate sentence law of the District, and that the differences resulting to convicts are not such as to nullify it. We held in Aderhold v. Lee, 5 Cir., 68 F.2d 824, that one thus sentenced in the District of Columbia might be transferred to Atlanta as Farnsworth has been, and would then fall under the parole laws applicable to the Atlanta penitentiary. It appears that Farnsworth is being allowed good time credits based on his maximum sentence and will be eligible to parole after serving four years, one-third the maximum, which happens to be his minimum sentence. We find no unlawfulness in his confinement at Atlanta.

 The contention that a jury trial was unconstitutionally denied by refusing to allow withdrawal of the plea of nolo contendere is without merit. A jury trial was waived by making that plea on arraignment. It is (for the purposes of the case only) the equivalent of a plea of guilty, and leaves nothing for a jury to try. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347; United States v. Norris, 281 U.S. 619, 622, 50 S.Ct. 424, 425, 74 L.Ed. 1076. Like a plea of guilty, it may be withdrawn only if the court allows it. See Kerchevall v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009. There cited with approval is United States v. Bayaud, C.C.,

23 F. 721, in which the court refused the withdrawal of a plea of guilty after time had elapsed and the witnesses had scattered, there being no claim of surprise or mistake or improper pressure in the making of the plea. The record before us discloses no reason why the plea was asked to be retracted, nor why permission was refused. We know only that three days after it was entered in open court a motion was made to withdraw it, which was opposed, and a hearing had and leave denied. The presumption is that the Court acted on good reasons. No error appears, and a fortiori no ground for a habeas corpus court to interfere.

The judgment of remand is affirmed.