**CATO v. SMITH, Warden.**
No. 9046.

Circuit Court of Appeals, Ninth Circuit.
May 26, 1939.

Raine Ewell, of San Francisco, Cal., for appellant.

Earl Warren, Atty. Gen., of California, and William F. Cleary, Deputy Atty. Gen., of California, for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from an order of the District Court of the United States for the Northern District of California, Southern Division, denying appellant's petition for a writ of habeas corpus and dismissing the same.

Petitioner was indicted and convicted for a violation of the United States Criminal Code and was sentenced to jail. He was regularly committed to the San Francisco County Jail and was placed in charge of the jailer of said county as a prisoner of the United States. Later, appellant was brought before the Superior Court of the State of California, in and for the City and County of San Francisco, and tried for an offense committed against state laws. Petitioner was regularly convicted and sentence was imposed that he be confined at the State Prison at San Quentin, California, the sentence to begin upon the expiration of the sentence imposed by the Federal Court.

Petitioner alleged that his removal from the jail for trial in the state court was against his will and that the state court had no jurisdiction to try or impose sentence upon him.

Prior to this application for a writ of habeas corpus in the federal court, appellant had presented a similar petition addressed to the Supreme Court of the State of California, which was denied on June 24, 1936; he next filed an application in the United States District Court, which was denied on September 4, 1936. Thereafter, he filed another petition to the Supreme Court of the State of California, which was denied on January 11, 1937. A similar pe-

tition was made to the Superior Court of Marin County, California, and denied on May 5, 1937. Another application was made to the District Court of Appeal, First Appellate District of the State of California, which was denied on August 5, 1937. Again an application was made to the Supreme Court of the State of California upon the same facts as set forth herein, which was denied on September 16, 1937.

Appellant argues that because the government of the United States had custody of the petitioner who was serving a sentence for a prior conviction against federal law it had the unquestioned right to decline to surrender him to trial by state authorities it follows that unless the Attorney General of the United States specifically directs such surrender to the state authorities that the state court would be without jurisdiction to proceed with his trial. In support of such contention appellant relies on some disconnected statements, skillfully woven into an argument, taken from the case of Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879. It is true that when conflict arises between the sovereign governments as to which is entitled to priority of jurisdiction it has been uniformly held that the sovereign first securing the custody of the prisoner has the right to retain jurisdiction of his person; but this may be waived. Here it appears that the person in charge of appellant by authority of the United States delivered him to the state court for trial and in these circumstances the language of Mr. Chief Justice Taft from the above cited case of Ponzi v. Fessenden, 258 U.S. at pages 260, 264, 265, 266, 42 S.Ct. at page 310, 66 L.Ed. 607, 22 A.L.R. 879, is most apropos:

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, D.C., 236 F. 300; United States v. Marrin,

D.C., 227 F. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it.

"One accused of crime, of course, cannot be in two places at the same time. He is entitled to be present at every stage of the trial of himself in each jurisdiction with full opportunity for defense. Frank v. Mangum, 237 U.S. 309, 341, 35 S.Ct. 582, 59 L.Ed. 969; Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011. If that is accorded him, he cannot complain. The fact that he may have committed two crimes gives him no immunity from prosecution of either.

\* \* \* \* \* \*

"The authorities, except when special statutes make an exception, are all agreed that the fact that a defendant in an indictment is in prison serving a sentence for another crime gives him no immunity from the second prosecution. One of the best-considered judgments on the subject is Rigor v. State, 101 Md. 465, 61 A. 631, 4 Ann.Cas. 719. The Supreme Court of Maryland said at page 471 of 101 Md., at page 634 of 61 A., 4 Ann.Cas. 719:

" 'The penitentiary is not a place of sanctuary, and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt.'

\* \* \* \* \* \*

"But it is argued that when the prisoner is produced in the superior court, he is still in the custody and jurisdiction of the United States, and that the state court cannot try one not within its jurisdiction. This is a refinement which if entertained would merely obstruct justice. The prisoner when produced in the Superior Court in compliance with its writ is personally present. He has full opportunity to make his defense exactly as if he were brought before the court by its own officer. State v. Wilson, 38 Conn. 126, 136. The trial court is given all the jurisdiction needed to try and hear him by the consent of the United States, which only insists on his being kept safely from escape or from danger under the eye and control of its officer. This arrangement of comity between the two governments works in no way to the prejudice of the prisoner or of either sovereignty."

Affirmed.