**STAMPHILL v. UNITED STATES.**

No. 2666.

Circuit Court of Appeals, Tenth Circuit.

April 19, 1943.

Duke Duvall, of Oklahoma City, Okl., for appellant.

John Brett, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Mac Q. Williamson, Atty. Gen., of Oklahoma, and Sam H. Lattimore, Asst. Atty. Gen., of Oklahoma, amicus curiae.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Appellant was convicted in the district court of Custer County, Oklahoma, of the offense of robbery with firearms and sentenced to a term of twenty years in the state penitentiary at Granite; about two months later, he and other prisoners escaped; in connection therewith, a guard was shot and killed; and appellant subsequently pleaded guilty in the district court of Greer County to the charge of murder and was sentenced to the state penitentiary at McAlester for the term of his natural life.

The indictment in this case, returned in the United States Court for Western Oklahoma, charged that appellant kidnapped a named person in Oklahoma and transported him into Texas, in violation of the Act of June 22, 1932, 47 Stat. 326, as amended by the Act of May 18, 1934, 48 Stat. 781, 18 U.S.C.A. § 408a. The court entered an order directing the issuance of a writ of habeas corpus ad prosequendum commanding the United States Marshal to bring appellant into court for the purpose of trial, directing the person in charge of the state penitentiary at McAlester to surrender him to the custody of the Marshal for such purpose, and further directing that upon final disposition of the cause the Marshal return him to the state penitentiary. The writ issued; and appellant was produced, tried, convicted, and sentenced to confinement in a United States penitentiary for the term of his natural life. Instead of being returned to the state penitentiary, he was first placed in the federal penitentiary at Leavenworth and is now confined in the like institution at Alcatraz, serving the sentence. Approximately five years after the sentence was

imposed, he filed in the case a motion to vacate the judgment on the ground that at the time of its entry he was in the exclusive jurisdiction of the state for purposes of punishment for crime; that the United States Court acquired jurisdiction of him only for the limited purpose of trial; and that at the conclusion of the trial he should have been returned to the state penitentiary. The court denied the motion, and the appeal is from that order.

■ Elaboration upon the powers and prerogatives of the United States and of the state is unnecessary. It is enough to say that they are exercised within the same territorial limits, but the two sovereigns are separate and distinct. Each acts independently of the other within their respective spheres. Each has its own courts clothed with authority to declare and enforce its laws in the common territory. And arising out of inviolable rules of reciprocal comity essential to due and orderly procedure in the dual system, it is consistently held without deviation that when the court of one sovereign takes a person into its custody on a criminal charge he remains in the jurisdiction of that sovereign until it has wrought its function. No judicial process issued under authority of the other can wrest him from that jurisdiction and custody. Ableman v. Booth, 21 How. 506, 16 L.Ed. 169; Taylor v. Taintor, 16 Wall. 366, 21 L.Ed. 287; Covell v. Heyman, 111 U.S. 176, 28 L.Ed. 390; In re Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Rohr v. Hudspeth, 10 Cir., 105 F.2d 747; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653; Farnsworth v. Zerbst, 97 F.2d 255; Farnsworth v. Sanford, 5 Cir., 103 F.2d 888, certiorari denied, 307 U.S. 642, 59 S.Ct. 1046, 83 L.Ed. 1523.

■ But a sovereign having the prior and exclusive jurisdiction and custody of a person for violation of its penal laws may voluntarily surrender him to the other for the purpose of trial on a criminal charge, and in such circumstances the question of jurisdiction and custody is essentially one of comity between the two sovereigns, not a personal right of the individual. Ponzi v. Fessenden, supra; Wall v. Hudspeth, supra; Lunsford v. Hudspeth, supra; Farnsworth v. Zerbst, supra; Cato v. Smith, 104 F.2d 885, certiorari denied, 308 U.S. 608, 60 S.Ct. 177, 84 L.Ed. 508.

■ Unless a state having the prior and exclusive jurisdiction and custody of a person charged with a crime voluntarily surrenders him to the jurisdiction and custody of the United States, not merely for the purpose of trial but for imprisonment in the event of conviction, it is the duty of the court to provide that its sentence shall begin at the expiration of the sentence of the state, and immediately upon imposition of such sentence to return him to the state penitentiary or other institution whence he came pursuant to the writ of habeas corpus ad prosequendum. But any wrongful deviation or departure in that respect merely invades the rights of the state. It does not impinge upon any right of the individual. The prior and exclusive jurisdiction and custody of the state gives him no immunity from prosecution and punishment by the United States.

■ Here the Attorney General of the state, pursuant to the direction of the Governor, filed in this court a brief for the state as amicus curiae in which it is stated that appellant was surrendered to the United States with the full understanding that any sentence imposed upon him as the result of the trial on the charge of kidnapping should be fully executed; that the United States should retain jurisdiction and custody of him for service of such sentence before returning him to the state; and that so long as he remains in the custody of the United States in execution of the sentence, the state does not desire his return to its custody. Thus the two sovereigns are before the court, and they are in perfect accord. They are in complete harmony in point that the United States retain appellant in its custody for service of the sentence in this cause; and in these circumstances he cannot be heard to say on any tenable ground that the judgment should be vacated, and that he should be returned to the state penitentiary.

The order denying the motion is affirmed.

HUXMAN, Circuit Judge (concurring specially).

I think the decision should be placed squarely on the ground that appellant has no standing in court to challenge any violation of the rule of comity by the federal government, if it did violate the rule. He owed a sentence to both the state and the federal government, and no rights of his were violated if by a violation of the duty the federal government owed to the state

to return him to its custody, he is compelled to serve the federal sentence before he concludes his state sentence.

The statement in the concluding paragraph of the opinion of the court, in substance that there was no tenable ground on which the judgment should be vacated in view of the fact that the Attorney General of the state, at the instance of the Governor, had filed a brief in this case stating that there was a full understanding between the sovereigns that the federal government should retain appellant until he had served his sentence under the federal conviction, might lead one to conclude that the decision would be otherwise if such were not the case. With this I cannot agree. If it were admitted that the federal government was retaining custody of appellant in violation of its duty to the state under the rule of comity, the decision in the case would of necessity still be the same, because no right of the appellant would be invaded, and he would have no standing in court to enforce a right which the state alone might assert against the other sovereign.