## Ex parte OWENS.

No. A-11234.   Sept. 14, 1949.

(209 P. 2d 892.)

18

Carl E. Owens, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J.   This is an original action in habeas corpus instituted by the petitioner, Carl E. Owens, for the purpose of securing his discharge from imprisonment in the State Penitentiary.

The verified petition alleges that in May, 1949, the petitioner being charged with the crime of forgery in the second degree in the district court of Oklahoma county, entered his plea of guilty to said charge and was sentenced to serve a term of imprisonment in the State Penitentiary; that the district court of Oklahoma county was without jurisdiction to sentence petitioner for the reason that he was in the constructive custody of the United States Government under a sentence pronounced in the United States District Court for the Northern District of Texas on May 19, 1945, sentencing the petitioner to serve a term of five years' imprisonment in the United States Penitentiary; that your petitioner was committed to the United States Penitentiary at Leavenworth, Kan., on May 29, 1945; that on January 5, 1949, the petitioner having served two-thirds of the sentence was given a conditional release by the United States Board of Parole, but that under said conditional release he was obligated to make reports and was under the custody, control, jurisdiction, and supervision of said United States Board of

Parole until he was finally discharged. The conditional release was attached to the petition and made a part thereof. The prisoner further alleges that since he was a prisoner of the United States Government, the State of Oklahoma was without jurisdiction to take him into custody and sentence him for said crime of forgery.

In the response the warden alleges that he holds the petitioner in his custody pursuant to the lawful judgment and sentence of the district court of Oklahoma county pronounced on May 6, 1949, wherein the petitioner was sentenced to serve two and one-half years' imprisonment for the crime of forgery in the second degree. It is further alleged that the respective right of the United States Government to the custody and control of the petitioner, if they had such right, was expressly waived by the United States District Attorney who appeared before the district court of Oklahoma county at the direction of the Attorney General of the United States and consented to the prosecution in the state court and waived the jurisdiction of the federal government over the person of petitioner.

The respondent further contends that the question of the right of the United States and of the State of Oklahoma to the custody of petitioner is a question which cannot be raised by petitioner, but only by the sovereignty having or claiming right to his custody.

The petitioner contended that under the authority of Grant et al. v. Guernsey, 10 Cir., 63 F. 2d 163, wherein it was held that a criminal prosecution instituted in the state court during the period of probation under federal court sentence, without first obtaining permission from the federal court, was unauthorized, and that the prisoner was entitled to his discharge until the federal sentence had been fully satisfied.

20

We think the petition should be denied for these reasons:

First, the certificate of conditional release expressly provides:

"This certificate of conditional release shall not prevent the delivery of the prisoner to authorities of the federal government, or of any state otherwise entitled to his custody."

Second, if the conditional release under which the prisoner was discharged from the United States Penitentiary at Leavenworth constituted a parole, so that it could be said that the petitioner was still a federal prisoner and under control of the federal government, the appearance of the United States District Attorney at the direction of the Attorney General of the United States before the district court of Oklahoma county, and the giving of his consent to the prosecution of prisoner on the state charge, constituted a temporary release of the control of the federal prisoner while he was being tried on such state charge. Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A.L.R. 879.

Third, it is unquestionably the rule that when the court of one sovereign takes a person into its custody on a criminal charge, he remains in the jurisdiction of that sovereign until it has wrought its function. However, as was said in the case of Stamphill v. United States, 10 Cir., 135 F. 2d 177, 178:

"But any wrongful deviation or departure in that respect merely invades the rights of the state. It does not impinge upon any right of the individual. The prior and exclusive jurisdiction and custody of the state gives him no immunity from prosecution and punishment by the United States."

It is further held in said case:

"A sovereign having the prior and exclusive jurisdiction and custody of a person for violation of its penal laws may voluntarily surrender him to the other for the purpose of trial on a criminal charge, and in such circumstances the question of jurisdiction and custody is essentially one of comity between the two sovereigns, not a personal right of the individual. Ponzi v. Fessenden, supra; Wall v. Hudspeth, supra [10 Cir., 108 F. 2d 865]; Lunsford v. Hudspeth, supra [10 Cir., 126 F. 2d 653]; Farnsworth v. Zerbst, supra [5 Cir., 97 F. 2d 255]; Cato v. Smith, 9 Cir., 104 F. 2d 885, certiorari denied 308 U. S. 608, 60 S. Ct. 177, 84 L. Ed. 508."

The writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.