[Crim. No. 4931.   Second Dist., Div. Two.   Feb. 3, 1953.]

THE PEOPLE, Respondent, v. TERRELL CONLEY, Appellant.

Terrell Conley, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Assistant Attorney General, for Respondent.

McCOMB, J.—Defendant appeals from an order denying his motion for a writ of error *coram nobis.**

*Facts*: Defendant pleaded guilty to receiving stolen property as charged in Count II of an information whereupon Count I which charged defendant with the crime of burglary was dismissed. He was sentenced to the state prison. Defendant did not appeal from the judgment.

---

*The material part of the notice of appeal reads:

"Please take notice that Terrell Conley, defendant . . . appeals to the District Court of Appeal . . . from the order therein entered in the said superior court on the 21st day of August, 1952, denying petition for Writ of Error Coram Nobis and from the whole thereof relative to the Order . . ."

About four months later he filed in the trial court an application for a writ of error *coram nobis*, contending that the trial court was without jurisdiction to impose sentence because at the preliminary hearing the magistrate committed him for trial in the superior court on the burglary charge and dismissed the charge of receiving stolen property.

*Question: Is the writ of error coram nobis a proper remedy for reviewing the alleged error occurring in the trial court?*

*No.* ■ A writ of error *coram nobis* will not issue to grant relief from that for which a statutory remedy is available. ■ The questions of (a) constitutionality of section 739 of the Penal Code, and (b) the jurisdiction of the trial court were matters which could properly have been raised upon an appeal from the judgment and are not matters which are reviewable in a proceeding for the issuance of a writ of error *coram nobis*. (*People* v. *Coyle,* 88 Cal. App.2d 967, 978 [16] [200 P.2d 546] (hearing denied by the Supreme Court); *People* v. *Thompson,* 94 Cal.App.2d 578, 586 [11] [211 P.2d 1] (hearing denied by the Supreme Court); see, also, cases cited in 7 McKinney's New Cal.Dig. (1945) Crim. Law, § 1038, p. 614, and pocket supplement thereto for 1952.)

Defendant, having failed to avail himself of his remedy by appeal, the trial court properly denied the instant application for relief.

Affirmed.

Moore, P. J., and Fox, J., concurred.