**UNITED STATES of America ex rel. Marvin MOSES, Petitioner-Appellee,**

v.

**William W. KIPP, Sr., United States Marshal, Respondent-Appellant.**

No. 11614.

United States Court of Appeals Seventh Circuit.

April 17, 1956.

Robert Tieken, U. S. Atty., Chicago, Ill., John Peter Lulinski, William T. Hart, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellant.

Joseph E. Clayton, Jr., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

This is an appeal from an order granting a petition for a writ of habeas corpus and discharging the Relator, Marvin Moses, from the custody of the United States Marshal.

On January 8, 1954, Marvin Moses was indicted in the United States District Court for the Northern District of Illinois, for the unlawful purchase and possession of 82.19 ounces of heroin in violation of Section 2553(a) Title 26, U. S.Code. After arrest Moses was released on bail. While on bail, Moses was convicted in a State court of Michigan of the offense of "attempted bribery", and was sentenced to the House of Correction at Plymouth, Michigan,[1] for a period of six months.

On October 11, 1955, pursuant to arrangements previously made between the Governments of the United States and of the State of Michigan, the United States filed a petition for writ of habeas corpus *ad prosequendum* in the United States District Court for the Northern District of Illinois. The petition prayed that the writ be directed to the Warden of the Detroit House of Correction, and that when the trial of Moses before the United States District Court shall have terminated that Moses be returned forthwith to the Detroit House of Correction under safe and secure conduct.

On the same day, the District Court issued the writ pursuant to Title 28 U.S. Code, § 2241(c) (5) which, among other things, provided: " * * * and at the termination of said trial before said Court, the aforesaid Marvin Moses be returned forthwith to the Detroit House

---

1. Sometimes called the Detroit House of Correction.

of Correction at Plymouth, Michigan, under safe and secure conduct."

The writ was honored by the Michigan authorities and in due course Moses was surrendered by the Warden of the Detroit House of Correction to the United States Marshal after having served twenty-six days of his Michigan sentence. The result of his trial in the United States District Court was that he was convicted and sentenced to the custody of the Attorney General of the United States for a term of imprisonment of five years plus a fine of $100.00.

The Marshal was preparing to return Moses to the Michigan authorities when Moses filed a petition for a writ of habeas corpus. This petition alleged that Moses was detained in the custody of the Marshal who intended to return him to Michigan to serve the unexpired portion of the sentence of six months in the House of Correction. It further alleged that Moses had been released from custody by the Warden of the Detroit House of Correction without Moses' consent and over his protest, and that there had been a relinquishment of jurisdiction over him. On November 22, 1955, the District Court sustained the writ, filed Findings of Fact and Conclusions of Law and ordered that Moses be discharged from the custody of the Marshal.

The Findings of Fact recited that the indictment of Moses in the United States District Court antedated by several months his arrest and conviction in the Michigan court; that Moses did not consent to be turned over to the federal authorities; that Moses was advised he would not be given credit on his Michigan sentence for the time he was out of the custody of Michigan authorities; that no law-enforcement agent of Michigan accompanied Moses to the District Court in Illinois; that Moses was in the sole custody of the United States Marshal and was confined in the County Jail of Cook County, Illinois, pending his return to Michigan.

As a Conclusion of Law the Court held the Marshal was without authority in detaining Moses for the purpose of trans-porting him to Michigan to serve the unexpired sentence imposed on him in that State prior to serving the sentence imposed by the United States Court. In the order which the District Court entered, the Marshal was specifically directed not to return Moses to the custody of the Warden of the Detroit House of Correction. The Marshal appealed forthwith to this Court and we stayed the execution of the District Court's order pending appeal and review.

Moses argues here that at the time he was arrested for the Michigan offense he was under the jurisdiction of the United States District Court. He insists that during the entire period after his arrest while being held for trial, and when he was convicted and sentenced by the Circuit Court of Wayne County, Michigan, he was, as a matter of law, under the exclusive jurisdiction of the United States District Court for the Northern District of Illinois. He attaches significance to the fact that when he was released by the Warden of the House of Correction in Michigan, no prison officer of that State accompanied him to Illinois. He argues that such turning over of his custody amounted to a full surrender of jurisdiction over him.

In this country we all live in territory subject to two sovereignties, the Federal Government and the government of the respective States. Each has jurisdiction to enforce its laws in a common territory. The situation is fraught with possibilities of conflict. It is imperative that each system of law enforcement be effective. " * * * The situation requires, * * * a spirit of reciprocal comity and mutual assistance * * *." Ponzi v. Fessenden, 258 U. S. 254, 259, 42 S.Ct. 309, 310, 66 L.Ed. 607.

█ Where one accused of crime has offended against both Federal and State laws, the imposition of a long term by one of the sovereignties might greatly interfere with the orderly administration of justice in the other. With the passage of time, witnesses may disappear or their memories become dim. Further-

more, the prisoner has a constitutional right to a speedy trial. Hence, the writ of habeas corpus *ad prosequendum* has been utilized to bring a prisoner incarcerated under sentence by one sovereignty to trial for alleged violation of the laws of the other sovereignty.

The writ was recognized in the early case of Ex parte Bollman, 1807, 4 Cranch 75, 8 U.S. 75, 2 L.Ed. 554, and now exists by virtue of Title 28 U.S.C.A. § 2241(c) (5). A good statement of the operation and extent of the writ appears in Lunsford v. Hudspeth, 10 Cir., 126 F. 2d 653, 655: " * * * The privileges granted by this flexible rule of comity should and must be respected by the sovereignty to which it is made available, and this respectful duty is reciprocal, whether federal or state, because neither sovereignty has the power to override it. Under the free exercise of this rule, no right or immunity granted by the constitution, laws, or treaties of the United States, is invaded or impaired."

The United States District Court for the Northern District of Illinois could not have compelled the State of Michigan to surrender Moses after he had been incarcerated in that state for violation of a Michigan law. In spite of the terminology of the writ, the consent of Michigan authorities was necessary to obtain the custody of Moses.

The fact that Moses had been enlarged on bail after arraignment in the Federal Court does not change the rule which has been applied in many cases. In Hebert v. Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270, the accused was on bail awaiting trial in the Federal District Court. In Mitchell v. Boen, 10 Cir., 194 F.2d 405, the accused had twice been arrested for violations of the Dyer Act, and had been released on bail in each instance. Furthermore, the government of the United States at no time objected to the prosecution of Moses in the Michigan State court.

We think the District Court was in error in holding that the State of Michigan waived jurisdiction of Moses.

Authorities sustaining our view on this point are: Zerbst v. McPike, 5 Cir., 97 F.2d 253, 254; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653, 654–657; Stamphill v. United States, 10 Cir., 135 F.2d 177, 179.

We hold that the District Court was clearly in error in ordering the discharge of Moses from the custody of the United States Marshal. This ruling was in violation of the doctrine of comity and in view of the representations made to the Michigan authorities was, in fact, a breach of faith.

A further reason why Moses should not have been discharged on his petition for habeas corpus, is that he had no standing before the trial court to attack the operation of the *ad prosequendum* writ which directs his return to the Michigan prison. Since the transfer of a person from state incarceration to the federal government for the trial of a federal offense is a matter of comity between the sovereigns concerned, a prisoner may not insist upon the priority of either. Zahn v. Kipp, 7 Cir., 218 F.2d 898, 899; Mitchell v. Boen, 10 Cir., 194 F.2d 405, 407. We stated in Zahn, 218 F.2d at page 900: "A person who has violated the criminal statutes of both the federal and state governments may not complain of the order in which he is tried or punished for such offenses. Gunton v. Squier, 9 Cir., 185 F.2d 470, 471. A state which first acquires custody may 'lend' a prisoner to the federal government in order to afford him a speedy trial and for the convenience of witnesses. Zerbst v. McPike, 5 Cir., 97 F.2d 253, 254."

The rule was well stated in Stamphill v. Johnston, 9 Cir., 136 F.2d 291, 292: "As pointed out by the Supreme Court in Ponzi v. Fessenden, 258 U.S. 254, 42 S. Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879, supra, the arrangement made between the two sovereigns, the state and federal governments, does not concern the defendant who has violated the laws of each sovereignty and he cannot in his own right demand priority for the judgment of either."

The order of the District Court discharging Moses from the custody of the Marshal is reversed, and it is ordered that the writ of habeas corpus be vacated and discharged, and that Moses be remanded to the custody of the Marshal to be dealt with according to the provisions of the writ of habeas corpus *ad prosequendum.*

Reversed and remanded.