[Crim. No. 7463.   Second Dist., Div. Two.   May 18, 1961.]

THE PEOPLE, Respondent, v. LAWRENCE STOLIKER,
Appellant.

Lawrence Stoliker, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

ASHBURN, J.—In a petition for a writ of error *coram nobis* appellant contends that a judgment of conviction and sentence were imposed upon him by the State of California without proper jurisdiction and he urges that the conviction and sentence be vacated, set aside, voided and expunged from the record. His writ was denied by the Los Angeles Superior Court and he appeals.

In 1955 appellant was arrested in California on a charge of robbery. Shortly thereafter, pursuant to a writ of habeas corpus *ad prosequendum* issued by the United States District Court for the Southern District of California, he was delivered to the federal authorities for trial on federal charges involving the receiving of, and failure to register, a machine gun. In March 1955, he was convicted of these charges in the United States District Court. Judgment was pronounced imposing two five-year consecutive sentences, and he was committed to the custody of the Attorney General or his authorized representative, for imprisonment.

Appellant was then redelivered to the state authorities, and arraigned in the superior court on April 7, 1955, on eight counts of armed robbery. After he entered pleas of guilty on two counts, admitting that he was armed at the times the offenses were committed, the remaining six counts were dismissed. On May 12, 1955, appellant was sentenced on the robbery charges. Being informed of the prior federal judgment, the trial judge ordered that the sentences on the two robbery counts run consecutively and that said sentences run "concurrently with any other sentence now serving."

Appellant was then delivered into the custody of the warden of the state prison at Folsom to serve the robbery sentences. He thereafter instituted a habeas corpus proceeding in which

he sought transfer from the custody of the warden of the state prison to the custody of the federal authorities in order that he might serve his sentence under the federal judgment of conviction, and thereby gain the benefit of the concurrent sentence provision of the state judgment. Our Supreme Court sustained appellant's position in the habeas corpus proceeding and ordered that appellant be delivered into the custody of the proper federal authorities for the purpose of serving his sentence under the federal judgment of conviction. The reasons for the ruling were thus summarized: "Apparently under the federal rules the computation of time on a federal sentence begins to run only from 'the date on which [the prisoner] is received at the penitentiary, reformatory or jail for service of [the] sentence.' (*Zerbst* v. *McPike*, 97 F.2d 253, 254; see also 18 A.L.R.2d 511, 514-516.) Therefore petitioner's continued imprisonment in the state prison will compel his serving his state and federal sentences consecutively although the sole judgment of conviction under which he is now held in the state prison clearly provides that these sentences be served concurrently. We have therefore concluded that petitioner is entitled to have his custody transferred to the federal authorities." (*In re Stoliker*, 49 Cal.2d 75, 78 [315 P.2d 12].)

As noted in that decision (at p. 77) with reference to the state judgment of conviction: "The validity of the judgment, however, is conceded by petitioner and he does not seek to escape the burden thereby imposed upon him." Appellant now contends, however, that the California judgment and sentence were improper because the state had no jurisdiction over him after his release to the federal authorities under the writ of habeas corpus *ad prosequendum*. He argues (1) that the release under that writ was a complete relinquishment of jurisdiction; (2) that, in order for the state to reacquire jurisdiction once federal sentence was imposed, it was necessary to obtain the consent of the United States Attorney General; and (3) that such consent was never obtained.

It is doubtful whether *coram nobis* lies here (*People* v. *Conley*, 115 Cal.App.2d 749, 750 [252 P.2d 716]; *People* v. *Gatewood*, 182 Cal.App.2d 724, 726-728 [6 Cal.Rptr. 447]; *People* v. *Ayala*, 138 Cal.App.2d 243, 246 [291 P.2d 517]); but we prefer to consider the matter upon the merits as if properly raised.

The appellant's contention is without merit. It is apparent that he has misconstrued the meaning and effect of the writ

of habeas corpus *ad prosequendum.* ▆▆▆ ''[T]he writ of habeas corpus *ad prosequendum* has been utilized to bring a prisoner incarcerated under sentence by one sovereignty to trial for alleged violation of the laws of the other sovereignty. . . . ▆▆▆ A good statement of the operation and extent of the writ appears in *Lunsford* v. *Hudspeth* (10 Cir.), 126 F.2d 653, 655: '. . . The privileges granted by this flexible rule of comity should and must be respected by the sovereignty to which it is made available, and this respectful duty is reciprocal, whether federal or state, because neither sovereignty has the power to override it. Under the free exercise of this rule, no right or immunity granted by the constitution, laws, or treaties of the United States, is invaded or impaired.' '' (*United States* ex rel. *Moses* v. *Kipp,* 232 F.2d 147, 150.)

The writ was honored by the state authorities as a matter of comity between the two sovereigns. (*United States* ex rel. *Moses* v. *Kipp, supra,* 232 F.2d 147, 150, and cases cited therein.)

In *Lunsford* v. *Hudspeth* (10 Cir.), 126 F.2d 653, the federal court faced a similar problem. There the prisoner, who had been in the custody of the Oklahoma State prison authorities, was released to the federal court upon a writ of habeas corpus *ad prosequendum,* and it was contended that the state thereafter lost jurisdiction over the defendant. At page 655 the court said: ''[I]t was within the power of the Federal Court to demand and the Warden of the Oklahoma State Penitentiary to grant temporary relinquishment of custody and control for purposes of trial in the United States courts in order to afford the petitioner a speedy trial, and for convenience in the administration of justice.'' Finally, the court held (p. 657) ''. . . that the custody and control of the United States Marshal, and of the United States court, over the petitioner was temporary and that the Marshal acted in accordance with the established rules of comity and in obedience to the writ of habeas corpus ad prosequendum, under which he acquired jurisdiction of the petitioner when he returned him to the Warden of the state penitentiary.'' (See also *United States* ex rel. *Moses* v. *Kipp, supra,* 232 F.2d 147.)

A factually similar problem was presented to the state court in *People* v. *Knight,* 106 Cal.App.2d 312 [234 P.2d 992], where appellant was arrested by state authorities, pleaded guilty and was sentenced to state prison. Execution of sentence was stayed while appellant, at his own request, was taken to

the federal court where he pleaded guilty to a federal offense. He then, as here, brought a writ of error *coram nobis,* contending, among other things, that the state lost jurisdiction to impose sentence because he was released to the federal officers. The court held that the contention was without merit, indicated that the appellant's offense was one within the statutory jurisdiction of the court, and concluded, at page 315, in language apposite to the instant case, that "[u]nder the facts presented by the record, we must assume that the appellant was in the state court with the consent of the proper federal authorities. There is no merit in the claim that the state court did not acquire jurisdiction of appellant's person. While it may be true that after appellant's sentence by the federal court and until the end of his term and discharge no state court could assume control over his body without the consent of the United States, where, as here, he was produced in the state court and was personally present there, with full opportunity to make his defense, jurisdiction of his person was had by the superior court exactly as if he had been brought before that court by its own officer. (*People* v. *Sichofsky,* 58 Cal.App. 257, 261, 262 [208 P. 340].)"

In the instant case there is nothing in the record to indicate that the appellant was taken from federal custody without proper authorization from the federal authorities; and we must presume, absent a showing to the contrary, that the superior court, in imposing judgment and sentence was "acting in the lawful exercise of . . . [its] jurisdiction." (Code Civ. Proc., § 1963, subd. 16.) The Supreme Court, in appellant's prior appeal, indicated that he was delivered to the federal authorities for trial and ". . . then redelivered to the state authorities" (*In re Stoliker, supra,* 49 Cal.2d 75, 76). We must also presume that, in effectuating the appellant's redelivery, the federal authorities performed their official duties in a regular manner. (Code Civ. Proc., § 1963, subd. 15.)

There are other and equally compelling reasons why the appellant's contention cannot be sustained. First, it has been repeatedly held that the jurisdiction of the court in which an individual defendant was tried cannot be attacked because of the manner in which the defendant was brought before it. (*People* v. *Valenti,* 49 Cal.2d 199, 203 [316 P.2d 633], unlawful arrest; *People* v. *Sergent,* 183 Cal.App.2d 342, 345-346 [6 Cal.Rptr. 576], improper extradition which defendant termed "kidnapping"; *People* v. *Martinez,* 180 Cal.App. 2d 690, 692 [4 Cal.Rptr. 829], unlawful arrest; *People* v.

*Millwood,* 150 Cal.App.2d 154, 156 [309 P.2d 495], "kidnapping" from Nevada; see also 22 C.J.S. § 146, p. 242.)

■ Second, it has also been often held that "a sovereign having the prior and exclusive jurisdiction and custody of a person for violation of its penal laws may voluntarily surrender him to the other for the purpose of trial on a criminal charge, and in such circumstances the question of jurisdiction and custody is essentially one of comity between the two sovereigns, *not a personal right of the individual."* (Emphasis added.) (*Stamphill* v. *United States,* 135 F.2d 177, 178.) The appellant therefore had no standing to raise this type of question concerning the jurisdiction of the state court at the time he appeared therein, entered his pleas of guilty to the robbery charges and was sentenced.

Affirmed.

Fox, P. J., concurred.