**UNITED STATES ex rel. John Edward QUIRK, Jr.,**

v.

**Frederick REINCKE, Warden, Connecticut State Prison.**

**Civ. No. 9320.**

United States District Court
D. Connecticut.

May 14, 1962.

TIMBERS, District Judge.

Petitioner, a prisoner in the Connecticut State Prison at Wethersfield, has submitted a petition (his second in this Court) for a writ of habeas corpus pursuant to 28 U.S.C. § 2242, together with motions for leave to proceed in forma pauperis and for appointment of counsel.

Petitioner at an earlier date, while a prisoner in the Federal Correctional Institution at Danbury, petitioned this Court to issue a writ of mandamus declaring invalid a detainer warrant issued against him by the State of Connecticut for alleged violation of parole. This Court, treating the petition for a writ of mandamus as a complaint seeking a declaratory judgment, denied the relief sought.[1]

1. This Court's memorandum order of October 2, 1961 (unreported) denying the petition for a writ of mandamus, reads as follows:

"Petitioner, a prisoner in the Federal Correctional Institution at Danbury, having petitioned this Court to issue a writ of mandamus declaring invalid a detainer warrant issued against him by the State of Connecticut for alleged violation of parole, and petitioner having applied to proceed in forma pauperis; and

"The Court having received and considered the said petition and application and, treating the petition for a writ of mandamus as a complaint seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, and, being of the opinion that petitioner's contention is without merit for the reason that a sovereign (the State of Connecticut), having prior and exclusive

Thereafter petitioner appealed to the United States Court of Appeals for the Second Circuit from this Court's denial of his petition for a writ of mandamus. The Court of Appeals (Circuit Judges Swan, Clark and Hincks) October 27, 1961 denied petitioner's motion for bail.[2] November 15, 1961 the Court of Appeals (Circuit Judges Swan, Moore and Friendly) denied a second motion for bail. February 23, 1962 the Court of Appeals (Circuit Judges Moore, Friendly and Marshall) denied petitioner's motions for a certificate of probable cause and for leave to proceed in forma pauperis; and, by the same order, dismissed the appeal.

In the meanwhile, January 18, 1962, the Court of Appeals (Chief Judge Lumbard and Circuit Judges Clark and Friendly) denied a petition for a writ of mandamus which petitioner sought to have issued against the undersigned.

During the course of the above proceedings in the federal courts, petitioner pursued a parallel course in the Connecticut state courts. November 2, 1961 he filed in the Hartford Superior Court a petition for a writ of habeas corpus; this petition was denied by Honorable Herbert S. McDonald November 29, 1961. December 7, 1961 he filed in the Hartford Superior Court a notice of appeal to the Supreme Court of Errors, together with motions for a certificate of probable cause, for permission to appeal, for appointment of counsel and for leave to proceed in forma pauperis; these motions were denied by Judge McDonald December 8, 1961. February 2, 1962 he filed in the United States Supreme Court a petition for a writ of certiorari to the Supreme Court of Errors; this petition was denied April 16, 1962. Quirk v. Connecticut, 369 U.S. 855, 82 S.Ct. 942, 8 L.Ed.2d 13 (1962).

The gravamen of the relief sought by petitioner in all proceedings outlined above, federal and state, is essentially that denied by this Court in its order of October 2, 1961.

Since the instant petition for a writ of habeas corpus presents no new ground regarding the legality of petitioner's detention which was not presented to and determined by this Court in its order of October 2, 1961 and since this Court is satisfied that the ends of justice will not be served by issuance of the writ of habeas corpus here sought, the petition is denied pursuant to 28 U.S.C. § 2244.

Petitioner's motions for leave to proceed in forma pauperis and for appointment of counsel likewise are denied.

Petitioner's papers may be filed in this Court without payment of filing fees.

jurisdiction and custody of a person (petitioner) for violation of its penal laws, may voluntarily surrender him to another sovereign (the United States) for the purpose of trial on a criminal charge without losing jurisdiction over the person of petitioner, the question of jurisdiction and custody being essentially one of comity between two sovereigns and involving no personal right of petitioner (Strand v. Schmittroth, 251 F.2d 590 (9 Cir. 1957); Stamphill v. United States, 135 F.2d 177 (10 Cir. 1943)), and the Court being further of the opinion that petitioner's claim that he was coerced into signing a warrant of extradition is irrelevant as affecting the Court's juris-

diction (Frisbie v. Collins, 342 U.S. 519, 522 [72 S.Ct. 509, 96 L.Ed. 541] (1952)); it is

"ORDERED that the petition for a writ of mandamus be, and the same hereby is, denied; and it is further

"ORDERED that the application for leave to proceed in forma pauperis be, and the same hereby is, denied."

2. The Court of Appeals' memorandum order of October 27, 1961 denying bail, states:

"The claim which movant seeks to have us determine is without merit as shown by the authorities cited in Judge Timbers' order of October 2, 1961."