**Thomas Scott DeLONG, et al.,
Petitioners-Appellants,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 72–3494
Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

March 5, 1973.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Thomas Scott DeLong, and others, pro se.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellants are presently serving three-year federal sentences imposed pursuant to convictions on guilty pleas for violating the Dyer Act, 18 U.S.C. § 2312. Shortly after they were arrested for this violation in Texas, the appellants waived removal hearings and were delivered into the custody of a United States Marshal for the Western District of Oklahoma pursuant to a complaint pending in that district which also charged a Dyer Act violation. After assuming custody of the appellants in Oklahoma, the federal officers delivered them to Oklahoma state officials for prosecution on a state charge, without requiring the issuance of a writ of habeas corpus ad prosequendum. After they had served their Oklahoma state sentences, appellants were returned to federal custody in the Northern District of Texas, and were convicted of the Dyer Act offense.

In the court below, appellants sought relief pursuant to 28 U.S.C. § 2255, contending that the federal officials' failure to require the issuance of a writ of habeas corpus ad prosequendum before surrendering custody to Oklahoma state officials deprived the court below of jurisdiction to try them for the Dyer Act offense. The court below denied relief, and we affirm. It is settled that where one sovereign surrenders a prisoner to another sovereign for trial, sentencing, and execution of the sentence before he is to be returned to the custody of the sovereign first having jurisdiction, the prisoner has no standing to attack the agreement between sovereigns and the surrendering sovereign has not thereby waived its right to have the prisoner returned to its custody for trial. Bullock v. Mississippi, 5th Cir. 1968, 404 F.2d 75.

Affirmed.