**James Herbert WEATHERS, Petitioner-Appellant,**

v.

**J. D. HENDERSON, Warden, U. S. Penitentiary, Respondent-Appellee.**

No. 72–3780
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 31, 1973.

James Herbert Weathers, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

In his petition for writ of habeas corpus, petitioner seeks to have removed a detainer lodged against him by the State of Pennsylvania in connection with a State sentence. He contends that the State relinquished jurisdiction over him when it released him to federal custody.

█ Although it appears that petitioner could more properly attack the Pennsylvania detainer in that State and, therefore, the District Court perhaps should not have considered the habeas petition, the District Court correctly concluded that petitioner is not entitled to the relief he seeks. As this court recently reiterated in DeLong v. United States, 474 F.2d 719 (5th Cir. 1973),

"It is settled that where one sovereign surrenders a prisoner to another sovereign for trial, sentencing, and execution of the sentence before he is to be returned to the custody of the sovereign first having jurisdiction, the prisoner has no standing to attack the

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

.agreement between sovereigns and the surrendering sovereign has not thereby waived its right to have the prisoner returned to its custody for trial."

*See also* Chunn v. Clark, 451 F.2d 1005 (5th Cir. 1971); Dorrough v. Texas, 440 F.2d 1063 (5th Cir. 1971); Scott v. United States, 434 F.2d 11 (5th Cir. 1970).[1]

Affirmed.

---

1. The case of Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967), cited by the appellant is inapposite to the facts of this case. In *Shields*, the State of Texas showed no interest in obtaining custody of the appellant to complete his sentence for some twenty-eight years, either by filing a detainer against him while he was serving other sentences, or by arresting him while he remained out of custody for sixteen years. *See* Hanks v. Wideman, 434 F.2d 256 (5th Cir. 1970).