960 F.2d 151
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John M. KLEIN, Petitioner/Appellant,
v.
Tom KINDT, Warden, United States Penitentiary, Terre Haute,
Indiana and Attorney General of the State of
Illinois, Respondents/Appellees.
 No. 90-2051.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1991.*
Decided April 20, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 John Klein, a federal prisoner, seeks to set aside a detainer filed against him by state officials as being in violation of his due process rights. See 28 U.S.C. § 2254. The district court summarily dismissed Klein's habeas corpus petition under Rule 4 of rules governing § 2254 cases, finding the claim frivolous. We affirm.
 
 BACKGROUND
 
 2
 In May of 1981 Illinois police arrested the petitioner on charges of theft and burglary, and he was released on bond. In June of 1982 the FBI arrested him for bank robbery and held him in custody. One month later the state court issued a writ of habeas corpus ad prosequendum, requesting the United States marshal to produce the petitioner for his state trial. The petitioner was then convicted and the state court sentenced him to a maximum of six years in prison. After sentencing, that court issued a mittimus[1] directing the sheriff to take petitioner to the Illinois Department of Corrections, after which he would be taken to the Department of Public Safety to serve his time. The court, however, expressed some doubt as to whether the sheriff could comply with the mittimus, as Klein was then in federal custody, having been loaned to the state for prosecution only. This doubt was well-founded, as the sheriff did not take the petitioner to state prison officials, but rather delivered him back to the United States marshal.
 
 
 3
 The petitioner remained in federal custody, and in September of 1982 was convicted of bank robbery in federal district court and sentenced to nineteen years. He began serving this term in the federal penitentiary. In 1983 the Circuit Clerk of Calhoun County, Illinois contacted federal officials and lodged a detainer against Klein requiring that he be returned to serve his Illinois sentence at the end of his federal sentence. The clerk's letter specifically stated that "[petitioner's Illinois] sentence does not run concurrent with the sentence he received in Missouri." R.Doc. 1, Exhibit E. Petitioner sought to have his state and federal sentences run concurrently in 1984, but the state denied his request as untimely. See Ill.Rev.Stat., ch. 38 § 1005-8-4(a) (state can order that its sentence be served concurrently with any later sentence, but request must be filed within thirty days of the second sentence). A 1987 request to withdraw the detainer was also denied. Petitioner then filed this habeas corpus action, alleging that he was denied due process when the sheriff turned him over to the United States marshal instead of complying with the mittimus, and so the time spent in federal custody should be applied to his Illinois sentence.
 
 DISCUSSION
 
 4
 The petitioner does not challenge the state court's refusal to make his state and federal sentences run concurrently. Rather, his claim is that the sheriff deprived him of due process by giving him to the federal authorities instead of taking him to the state prison as the mittimus directed. The state argues that Klein defaulted this claim by not raising it in a state post-conviction petition or appealing his motions for concurrent sentences or to withdraw the detainer. Klein's attorney seems to agree that there may have been a procedural default, stating that he cannot find any evidence that Klein appealed his state court motions, but requests that we remand the case so that he can attempt to demonstrate "cause and prejudice" to the district court. Klein's habeas corpus petition, however, plainly states that he did appeal his state court motions. R.Doc. 1, at 4. One of those motions was to withdraw the state's detainer, the same relief sought here. Though the state motion may have been based on different grounds than the instant petition, it seems likely that Klein has not defaulted his claim. In any event, we see no need to remand for an inquiry into "cause and prejudice" because we can decide the case on the merits today, thus determining the petitioner's rights as quickly as possible. Cf. Granberry v. Greer, 481 U.S. 129 (1987) (where claim could be easily and quickly decided on the merits, the interests of the petitioner, warden, state attorney general, and state and federal courts were better served by deciding the case, rather than resolving an exhaustion question raised for the first time on appeal); Server v. Mizell, 902 F.2d 611 (7th Cir.1990) (applying the same analysis in ruling on a petition despite the state's claim of procedural default).
 
 
 5
 Klein contends that the sheriff's failure to follow the mittimus subjected him to an excessive jail term. If the sheriff had delivered him to the state jail instead of to federal authorities, he argues, his sentence would have commenced and remained running until it expired, even during incarceration on the federal charge. Thus, he concludes, since he spent over six years in the federal penitentiary he has served his entire state sentence, and the state has no right to hold him.
 
 
 6
 To analyze this claim we must first examine the state court's authority over Klein. Klein was brought to state court under a writ of habeas corpus ad prosequendum. Such writs are used when it is necessary to remove a defendant from one jurisdiction in order to be prosecuted in the proper jurisdiction. See Carbo v. United States, 364 U.S. 611 (1960); United States v. Codgell, 585 F.2d 1130 (D.C.Cir.1978). The writ is also used when a prisoner has been charged by two sovereigns and the sovereign with custody must deliver the prisoner to be tried by the other. United States ex rel. Moses v. Kipp, 232 F.2d 147, 149-50 (7th Cir.1956). The sovereign with prior custody is known as the "sending" sovereign or state, while the sovereign prosecuting the prisoner is known as the "receiving" sovereign or state. In this case, for example, Klein was being held on federal charges in Missouri, but had to be taken to Illinois in order to be tried on the pending state charges. Ad prosequendum writs are generally construed as tools by which the sending sovereign loans a prisoner to the other. Crawford v. Jackson, 589 F.2d 693, 695 (D.C.Cir.1978); Morgan v. United States, 380 F.2d 686, 693 (9th Cir.1967); Hill v. United States, 186 F.2d 669, 671 (10th Cir.1951); see also United States ex rel. Moses v. Kipp, 232 F.2d 147, 150-51 (7th Cir.1956). The receiving sovereign's custody over the prisoner is temporary and limited to the purpose of prosecution and sentencing, and the sending sovereign decides whether it will waive its prior right to the prisoner. See Hernandez v. United States Attorney General, 689 F.2d 915, 919 (10th Cir.1982) ("the sovereign having prior jurisdiction need not waive its right to custody); Kipp, 232 F.2d at 151 ("the privileges granted by [the writ] should and must be respected by the sovereignty to which it is made available, and this respectful duty is reciprocal, whether federal or state, because neither sovereignty has the power to override it."); Hayward v. Looney, 246 F.2d 56, 57 (10th Cir.1957) ("Either the Federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained is a matter of comity and is to be determined by the sovereign having custody."); Lundsford v. Hudspeth, 126 F.2d 653, 655-56 (10th Cir.1942) (the federal marshal, as representative of the receiving sovereign, did not "have the power in his own right, or acting in obedience to the writ of habeas corpus ad prosequendum to acquire exclusive jurisdiction and control of the prisoner.").
 
 
 7
 The threshold question in this case, then, is whether the federal marshal ever surrendered custody of Klein to the state; if he did not then the sheriff never had the authority to take him to begin his state sentence, and his failure to do so would not violate any constitutional right. We believe that the federal marshal never relinquished custody. First of all, there is the fact that the marshal took Klein back to Missouri for federal prosecution, indicating that he never intended to surrender custody. Next, there is the general presumption that ad prosequendum writs merely loan the prisoner to the receiving sovereign, and that waiver of custody requires an affirmative act by the sending sovereign. See Hernandez, 689 F.2d at 919. Finally, the court itself indicated that the marshal retained custody of Klein, and that that might interfere with execution of the mittimus.
 
 
 8
 MR. MOSES [Klein's attorney]: As I understand, Your Honor, he is to remain with the Sheriff for transportation to Menard [state penitentiary]?
 
 
 9
 THE COURT: That was my order. I don't know what the Sheriff's going to do about it because he's got a problem. He's in the custody of the U.S. Marshal.
 
 
 10
 Sentencing Hearing, R.Doc. 1, Exhibit C. at 11. These facts convince us that the marshal retained custody of the petitioner. As a result, the sheriff never had the power to comply with the mittimus and take Klein to serve his state sentence, and he was not deprived of due process.
 
 
 11
 This case is distinguishable from those cited by the petitioner. In both Kiendra v. Hadden, 763 F.2d 69 (2d Cir.1985) and United States v. Croft, 450 F.2d 1094 (6th Cir.1971) the defendants were sentenced to concurrent terms by state and federal courts, but officials from one sovereign failed to follow the sentencing court's instructions and prevented the sentences from running concurrently. Both cases held that the officials' failures could not be charged to the prisoner, and treated the sentences as if they had run concurrently. Klein, however, received consecutive sentences, and nothing the sheriff did, or failed to do, has increased the time the petitioner will spend in jail. The other cases cited by the petitioner, In re Jennings, 118 F. 479 (8th Cir.1902) and Smith v. Swope, 91 F.2d 260 (9th Cir.1937) involved marshals who directly disobeyed the court's order to deliver the prisoner to jail, instead delivering him to be prosecuted in another district. Because this interfered with the prisoners' right to serve their sentences immediately, the courts granted the habeas petitions in each case. The sheriff here, in contrast, did not disobey a direct order or send Klein to a jurisdiction without prior custody. The mittimus here did not contain imperative language directing the sheriff to act "forthwith" or "immediately." Compare Jennings, 118 F. at 481 (sentencing court's order directed marshal to act "without delay"); Smith, 91 F.2d at 261 (order to marshal was a "command" to act "forthwith"). Further, the court itself realized that the mittimus might not be binding in light of the marshal's prior custody. This case does not involve the same type of problem as in Jennings and Smith. There was no renegade official moving the prisoner from jurisdiction to jurisdiction with no chance to serve his sentence. Rather, Klein's custody was a matter of comity between two cooperating sovereigns, and their decision as to the order of prosecution or the order of the prisoner's sentences is not subject to challenge. See Ponzi v. Fessenden, 258 U.S. 254 (1922); Jeter v. Keohane, 739 F.2d 257, 258 (7th Cir.1984) (per curiam); Hernandez v. United States Attorney General, 689 F.2d 915, 919 (10th Cir.1982); DeLong v. United States, 474 F.2d 719, 720 (5th Cir.1973) (per curiam); Derengowski v. United States Marshal, 377 F.2d 223, 224 (8th Cir.), cert. denied, 389 U.S. 884 (1967); United States ex rel. Moses v. Kipp, 232 F.2d 147, 150 (7th Cir.1956); Stamphill v. United States, 135 F.2d 177, 178 (10th Cir.1943); Lundsford v. Hudspeth, 126 F.2d 653, 655 (10th Cir.1942).
 
 CONCLUSION
 
 12
 Because Klein was only "on loan" to the state and the marshal never surrendered custody, the sheriff had no authority to deliver the petitioner to state prison as required by the mittimus. Thus, the failure to do so did not violate the petitioner's due process rights. Accordingly, the district court's dismissal of Klein's action is
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 A mittimus is a written order given to a sheriff or magistrate, directing him or her to convey the defendant to prison, and to the jailer or warden, ordering that the prisoner be kept safely. Black's Law Dictionary at 905 (5th ed. 1979)