IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10918
Summary Calendar

_____

ISA DANASABE YUSUFU,

Petitioner-Appellant,

versus

JOHN ASHCROFT, Attorney General of the United
States; KATHLEEN HAWK, Director, Bureau of
Prisons; U.S. BUREAU OF PRISONS,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CV-79-C
- - - - - - - - - -
February 15, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Isa Danasabe Yusufu, a federal prisoner (# 19292-077), appeals the district court's denial of his 28 U.S.C. § 2241 petition. Although Yusufu's current claims appear to be successive, see 28 U.S.C. § 2244(a), the district court chose to address the merits of his claims.

Yusufu asserts that a federal sentence he received in federal district court in Wisconsin should have run concurrently with a subsequently-imposed state sentence he served in Texas and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his sentences have thus expired. (The records support the BOP's position that the sentences ran consecutively and that Yusufu served the state sentence first.) He argues that, when the Bureau of Prisons ("BOP") merely adopted the "sentencing intent" of the federal judge who sentenced him, it improperly abdicated its discretion to grant his request for a nunc pro tunc designation to serve his federal sentence in a state facility, which would have effectuated the concurrent running of the federal and state sentences. There is no indication in the record, however, that the BOP abused its "wide discretion" in declining to grant his request for nunc pro tunc designation. See Barden v. Keohane, 921 F.2d 476, 483-84 (3d Cir. 1990); BOP Program Statement 5160.03 ¶ 6.

Yusufu also contends that his federal sentence began in August 1993 because that is when he was arrested on a federal warrant and was taken into federal custody; he maintains that he was illegally transferred to state custody within weeks after his arrest. This claim by Yusufu is frivolous. When a person has committed crimes against two sovereigns, the issue of who has jurisdiction over him is a matter of comity between the two sovereigns. See Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999); Ponzi v. Fessenden, 258 U.S. 254, 262 (1922). Yusufu lacks standing to attack any agreement between federal and state authorities by which he was transferred from federal custody to state custody for trial, sentencing, and execution of sentence. See Weathers v. Henderson, 480 F.2d 559, 559-60 (5th Cir. 1973).

The judgment of the district court is AFFIRMED.